Carlotta Marie COOPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 211–82.

Court of Criminal Appeals of Texas, En Banc.

March 1, 1983.

Douglas R. Larson, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, Rick Russell and Michael Gillett, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst., State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

The Dallas Court of Appeals affirmed appellant's conviction for possession of marihuana wherein the trial court assessed punishment at thirty days in jail, probated, and a fine of $150.00, *Cooper v. State,* 629 S.W.2d 69. We granted appellant's petition for discretionary review to consider whether the Court of Appeals erred in its determination that the evidence was sufficient to show appellant possessed a usable quantity of marihuana.

At trial, Officer Stevens was the only witness. He testified that when he arrested appellant he discovered a plastic bag containing a green, leafy substance which in his opinion was marihuana, and that the bag also contained two marihuana cigarettes. The substance of that testimony is set forth below:

"Q. (By defense counsel) All right. The stuff you found in the plastic bag, did it have any stalks in it? Do you recall?

---

"A. I don't recall.

"Q. You don't recall. What were the leaves—what did they look like or what—was it leaves? How did you know it was leaves?

"A. It was chopped up.

"Q. It was chopped up real fine, wasn't it?

"A. Well, not real fine. It had some bulky material in it. I am sure it had some stems in it.

"Q. A minute ago, you were saying you didn't remember. Now, which is it?

"A. Well, the fact that there were also a couple of marihuana cigarettes in there.

"Q. Well, how do you know they were marihuana cigarettes?

"A. I assume that they were.

"Q. You assume they were?

"A. Yes, sir.

"Q. You are using the same—same basis that this is what you assumed those to be marihuana cigarettes, you are using that as the same basis of what you thought was in that sack, too, right?

"A. Yes, sir."

The only other testimony in the record as to the amount of substance found on appellant was that it was less than two ounces.

 Clearly, this Court may take judicial notice that a certain amount of marihuana is a usable quantity. *Carmouche v. State*, 540 S.W.2d 701 (Tex.Cr.App.1976); *Lejeune v. State*, 538 S.W.2d 775 (Tex.Cr. App.1976). Assuming, without deciding, that Officer Stevens was qualified to express an opinion that the loose leafy substance seen in the plastic bag was marihuana, we cannot say that his testimony that the *cigarettes* were marihuana is sufficient. A reading of Officer Stevens' entire testimony indicates that the assumption the cigarettes were marihuana was based on the fact that they were in the same container as some loose "marihuana" and because marihuana is carried in plastic bags. No other description of the *cigarettes* is found

in the record. And there is no testimony that the loose leafy substance found in the bag was a *usable quantity* of marihuana.

The judgments of the Court of Appeals and the trial court are reversed, and this cause is remanded to the trial court with instructions that an order of acquittal be entered.