The STATE of Texas

v.

Michael PEREZ, Appellee.

No. 1084–95.

Court of Criminal Appeals of Texas, En Banc.

June 18, 1997.

Joanne M. Eakle, San Antonio, for appellee.

Reynaldo P. Morin, Dist. Asst. Atty., Jourdanton, Matthew Paul, State's Atty. Austin, for State.

## OPINION ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW

MEYERS, Judge.

Appellee was indicted for possession of more than five but less than fifty pounds of marijuana ("the possession case") and, in a separate indictment, for possession of marijuana on which no tax had been paid ("the tax case"). Appellee pled guilty in the possession case and moved to quash the indictment in the tax case on double jeopardy grounds, alleging the tax was an additional punishment for the "same offense," as interpreted in *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), and that the tax case charged the "same offense" as the possession case so as to be a successive prosecution. The trial court quashed the indictment.[1] The State appealed, arguing that double jeopardy was not implicated because the tax was not punitive and also because the possession case and the tax case did not involve the same offense. The Court of Appeals held that the State's argument that the tax is not punishment is irrelevant in this case because the issue here is not the assessment of the tax, but the criminal prosecution. *State v. Perez*, 906 S.W.2d 558, 559–60 (Tex.App.—San Antonio 1995). In other words, appellee faces multiple prosecutions, not multiple punishments and for this reason neither *Kurth Ranch* nor our recent opinion in *Stennett v. State*, 941 S.W.2d 914 (Tex.

---

1. The State moved to consolidate the two cases and, curiously, the trial court granted that motion on the same day it granted the defendant's motion to quash the indictment in the tax case, and accepted appellee's plea in the possession case. All of these actions took place on August 12, 1994. Appellee's plea in the possession case was filed at 10:30 a.m. on that day, and the trial court's dismissal of the tax indictment and the consolidation order were both filed at 11:20 a.m..

Crim.App.1996), is applicable. Turning to the issue of whether the possession case and the tax case charged the "same offense," the Court of Appeals applied the Supreme Court's "same elements" test set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and held that possession of marijuana under the Health and Safety Code is not the "same offense" as possession of marijuana without paying a tax under the Tax Code. In reaching this conclusion, the Court of Appeals relied in part on *Ex parte Kopecky,* 821 S.W.2d 957 (Tex.Crim.App.1992), in which this Court held that possession of phenylacetone was not the same offense as possession of phenylacetone without payment of tax because each provision required proof of a fact the other did not. Even though *Kopecky* was a multiple punishments case, the Court of Appeals reasoned, the "same elements" test has identical application whether utilized in the context of multiple punishments or multiple prosecutions. *Perez,* 906 S.W.2d at 560–61. We granted review to address whether the Court of Appeals erred in concluding that the two offenses were not the same for purposes of barring the successive prosecution under the double jeopardy clause

2. We granted review of the following ground for review:

> The Court of Appeals erred in reversing the Trial Court's decision to dismiss the indictment for violation of the drug tax statute on the grounds that it does not involve the same offense as the possession case.

> The Court of Appeals resolved the issue based solely on the Fifth Amendment to the United States Constitution.

3. As explained by the Supreme Court:

> Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense. [citations omitted] Where successive prosecutions are at stake, the guarantee serves "a constitutional policy of finality for the defendant's benefit." [citation omitted] That policy protects the accused from attempts to relitigate the facts underlying a prior acquittal, [citations omitted] and from attempts to secure additional punishment after a prior conviction and sentence.

*Brown,* 432 U.S. at 165–66, 97 S.Ct. at 2225–26. So the ultimate question in the context of multi-

of the Fifth Amendment to the United States Constitution.[2] We affirm.

■■■ The double jeopardy clause of the Fifth Amendment protects against multiple punishments for the same offense as well as multiple prosecutions for the same offense after a conviction or an acquittal. *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Ex parte Kopecky,* 821 S.W.2d at 958. While different policy considerations are at issue in the two contexts,[3] a threshold question in either case is whether the defendant is being punished or prosecuted for the "same offense." *United States v. Dixon,* 509 U.S. 688, 696, 113 S.Ct. 2849, 2855–56, 125 L.Ed.2d 556 (1993). The Court of Appeals was correct in turning to the Supreme Court's "same elements" test for determining whether the separate provisions charge the same offense for purposes of double jeopardy. Under this analysis, two statutes do not charge the same offense if "each provision requires proof of an additional fact which the other does not." *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182. But more than the statutory elements are relevant in conducting a "same elements" test. The elements contained in the charging instruments, rather than the penal provisions, are controlling.

ple punishments is legislative intent. *See, e.g., Whalen v. United States,* 445 U.S. 684, 691, 100 S.Ct. 1432, 1437, 63 L.Ed.2d 715 (1980)(*Blockburger* in context of multiple punishments is a "rule of statutory construction" to be used "to determine whether Congress has in a given situation provided that the two statutory offenses may be punished cumulatively"); *Albernaz v. United States,* 450 U.S. 333, 340–41, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1981)(*Blockburger* test in multiple punishments context will not be controlling in face of clear legislative intent to contrary). Since legislative intent is the touchstone, satisfying *Blockburger* in the context of multiple punishments in a single proceeding may not end the inquiry:

> ... simply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes imposition, in a single trial, of cumulative punishments pursuant to those statutes.

*Missouri v. Hunter,* 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983). However, a determination that, per *Blockburger,* the "same offense" is in issue would appear to end the inquiry in a successive prosecutions case because the policy at stake is finality not legislative intent.

*Parrish v. State,* 869 S.W.2d 352, 354 (Tex. Crim.App.1994).

Appellant was charged in the possession case with third degree felony possession of marijuana under the Controlled Substances Act.[4] The indictment alleged that appellant "did then and there knowingly possess a usable quantity of marijuana, to-wit: in an amount more than 5 lbs. but not more than 50 lbs." Appellant was charged in the tax case under Texas Tax Code § 159.201(a), *Possession of Item if Tax Unpaid.*[5] The tax case indictment charged that appellant:

did then and there intentionally and knowingly purchase, acquire, and produce a taxable substance, namely: 9,000 grams of

marijuana, on which a tax has not previously been paid; and the defendant did not securely affix in the manner required by the comptroller to the taxable substance the appropriate tax payment certificate to show payment of the tax.

■ Examination of the two indictments reveals that appellant was not charged with the "same offense" in the two cases. The possession case indictment alleges that appellant possessed "a usable quantity" of marijuana.[6] The tax case does not require proof of a "usable quantity." The tax case indictment alleges that appellant did "purchase" marijuana. The possession case does not

4. The Texas Controlled Substances Act § 481.121, *Possession of Marijuana,* provides that "a person commits an offense if the person knowingly or intentionally possesses a usable quantity of marijuana" and that it is a felony of the third degree if the amount possessed is 50 pounds or less but more than five pounds.

5. Section 159.201(a) of the Tax Code provides that "a dealer commits an offense if the dealer possesses a taxable substance on which the tax imposed by this chapter has not been paid." "Dealer" is defined as

a person who in violation of the law of this state imports into this state or manufactures, produces, acquires, or possesses in this state:
(A) seven grams or more of a taxable substance consisting of or containing a controlled substance, counterfeit substance, or simulated controlled substance; or
(B) more than four ounces of a taxable substance consisting of or containing marijuana.
Tex. Tax Code § 159.001. "Taxable substance" includes marijuana. *Id.*

The indictment in the tax case reads differently than the statutory provision. Under the statute, the State need only prove that the defendant did one of the following: imported, manufactured, produced, acquired, *or* possessed the taxable substance. The State's indictment requires proof that appellant did all of the following: purchased, acquired *and* produced the marijuana.

6. While "usable quantity" might appear to be of such insignificance as to amount to a non-element, we have nevertheless recognized it as a distinct element. In *Lejeune v. State,* 538 S.W.2d 775, 777 (Tex.Crim.App.1976), we set out the elements of the offense of possession of marijuana as follows:

(1) a person (2) did knowingly or intentionally (3) possess (4) a usable quantity of (5) marihuana (6) amount possessed in ounces as set forth in statute.

We further emphasized that
... While it can be assumed that the requirement of a 'usable quantity' was intended to eliminate prosecutions for 'trace' possession of marihuana, it is observed that proof of 'usable quantity' was not limited by the statute to cases involving possession of under two ounces of marihuana. As drafted, the statute requires proof of a 'usable quantity' in all possession cases regardless of the amount possessed.
*Id.* at 778; *see also Smyth v. State,* 634 S.W.2d 721 (Tex.Crim.App.1982)(referring to "usable quantity" as "essential element of the offense" of possession of marijuana). Though usable quantity can be proven by circumstantial evidence or inferences drawn from evidence of the amount of marijuana possessed, *Lejeune,* 538 S.W.2d at 780 (holding evidence of "a little over a quarter of an ounce" sufficient to establish "usable quantity" since "it should be patently obvious to everyone that 'a little over a quarter of an ounce' or 7.7 grams is sufficient for use in a cigarette") *accord King v. State,* 675 S.W.2d 514, 516 (Tex.Crim. App.1984)(even though "usable quantity" is element State must prove, it need not be alleged in indictment where the "factual allegation of the sufficient quantity possessed in this case was a usable quantity"), we have encouraged the State to offer specific proof on the issue:
Our holding today does not draw a boundary line between quantities of marihuana below a quarter of an ounce of marihuana which in the future could properly be judicially noticed or inferred as a 'usable quantity' and those which could not. Hopefully prosecutors in the future, since expert witness testimony is necessary in most cases to establish the substance in question is marihuana, will take a few seconds longer to establish through such witness that the amount of marihuana involved is a 'usable quantity.'
*Lejeune,* 538 S.W.2d at 780; *cf. Cooper v. State,* 648 S.W.2d 315, 316 (Tex.Crim.App.1983)(holding evidence insufficient to support conviction for possession of marijuana where evidence did

require proof of purchasing marijuana. Because the possession case requires proof of a "usable quantity" which the tax case does not and because the tax case requires proof that appellant purchased marijuana which the possession case does not, the two indictments do not charge the "same offense." [7] We accordingly hold that the offense of possession of marijuana and the offense of possession of item if tax unpaid are not the "same offense" as alleged in this case, so as to bar the successive prosecution.[8]

In also concluding that the "same offense" was not at issue in this case, the Court of Appeals compared the statutory elements and relied on *Ex parte Kopecky.* Reliance on that case is somewhat misguided, although we reach the same result. *Ex parte Kopecky* was a multiple punishments case in which we held that the offense of possession of phenylacetone was not the same as possession of phenylacetone without payment of tax. In reaching that conclusion, we examined the two statutory provisions and other evidence of legislative intent "that those who possess a controlled substance and fail to pay the tax thereon should be punished separately for each transgression." In the instant case, we have focused upon the elements as pled in the charging instruments in deciding whether appellant is being subject to prosecution twice for the same offense. While *Parrish,* supra, does not make this distinction, it is logical to compare statutory elements in the multiple punishments context where *Blockburger* is a rule of statutory construction to be used in determining legislative intent, but compare charging instrument elements in the successive prosecutions context where there are two charging instruments to examine and where the underlying policy is to prevent retrying a defendant for something he has already been tried for. *See* fn.2, supra.

Agreeing with the Court of Appeals that the "same offense" is not at issue here so as to bar the successive prosecution, we affirm the judgment of the Court of Appeals.

OVERSTREET, J., concurs.

WOMACK, J., dissents.

MANSFIELD, Judge, concurring.

I join the opinion of the Court. The situation presented here is analogous to a well-established practice under federal law: prosecution of an individual for bank robbery followed by prosecution of the same individual for tax evasion for failing to report (and pay taxes on) the proceeds of the bank robbery as taxable income under the Internal Revenue Code. Clearly, these are two separate and distinct offenses, albeit arising from the same criminal transaction, with separate and distinct elements. Similarly, the double jeopardy clause of the Fifth Amendment is not implicated because possession of marihuana and failure to pay tax on the same marihuana are not the "same offenses." *See Blockburger v. United States,* 284 U.S. 299,

---

not show amount possessed was "usable quantity").

7. There are further differences. The tax case also required proof that a tax was not previously paid on the marijuana and that appellant "did not securely affix in the manner required by the comptroller to the taxable substance the appropriate tax payment certificate to show payment of the tax." These matters need not be proven in the possession case. While the amounts alleged in the two indictments are not the same, the amount alleged in the tax case falls within the range of the amount alleged in the possession case so that proof of the amount alleged in the tax case would also prove the amount alleged in the possession case. The possession case required proof of marijuana "in an amount more than 5 lbs but not more than 50 lbs." The tax case required proof of "9,000 grams of marijuana," which translates to approximately twenty pounds.

8. In *Stennett,* the defendant sought to preclude prosecution for possession of a controlled substance on the ground that he had already been "punished" by payment of a tax on the controlled substance. We held that "the Texas tax on controlled substances and marihuana is a punishment subject to the prohibition of the United States Constitution against imposing it in a separate proceeding from that in which other criminal punishments for the same offense are imposed." *Stennett,* 941 S.W.2d at 917. We there addressed only the issue of whether the tax was a punishment, and did not reach the issue of whether the "same offense" was at issue under the tax code as under the possession statute. We note that the Court of Appeals did not err in concluding that the State's arguments about the punitive nature of the tax are irrelevant in this case since it is not presented in the context of multiple punishments, but a successive prosecution.

52 S.Ct. 180, 76 L.Ed. 306 (1932); *United States v. Woodward,* 469 U.S. 105, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985) (Making a false statement to a customs officer about the amount of currency being carried and willfully failing to report carrying in excess of $5,000 are not the same crime under *Blockburger* as Congress intended these to be separate offenses and the applicable statutes address "separate evils").

BAIRD, Judge, dissenting.

The question in the instant case is whether the offenses of possession of marihuana, and the failure to pay tax on that marihuana are the same for jeopardy purposes. For the following reasons, I believe the question should be answered in the affirmative.

The relevant inquiry in this case is governed by *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), where the Supreme Court set out the test to determine whether two offenses are the same for jeopardy purposes:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

*Id.,* 284 U.S. at 304, 52 S.Ct. at 182.

The majority correctly states, "[t]he elements contained in the charging instruments, rather than the penal provisions, are controlling." *Ante,* at 270.[1] Comparing the indictments in each case, I find the elements of the possession case are:

(1) appellee

(2) did knowingly

(3) possess

(4) a useable quantity of

(5) marihuana

(6) in an amount more than 5 lbs but not more than 50 lbs.

and the elements of the tax case are:

(1) appellee

(2) did knowingly or intentionally

(3) purchase, *acquire*[2] or produce

(4) 9,000 grams of

(5) marihuana

(6) a taxable substance,

(7) on which a tax has not previously been paid;

(8) and the defendant did not securely affix in the manner required by the Comptroller to the taxable substance the appropriate tax payment certificate to show payment of the tax.

While the words may be slightly different, "possess" and "acquire" are synonymous in this context. And, 9,000 grams is clearly a useable quantity. *See, King v. State,* 675 S.W.2d 514, 516 (Tex.Cr.App.1984); *and, Lejeune v. State,* 538 S.W.2d 775, 777 (Tex.Cr. App.1976). Therefore, under *Blockburger,* the possession of marihuana offense is the same as the tax offense for jeopardy purposes. Because the Majority does not so hold, I respectfully dissent.

---

**1.** Because this inquiry is governed by the allegations in the charging instruments, each case is governed by its own particular pleadings.

**2.** Acquire is defined as follows: "to come into *possession* of . . ." *Webster's Seventh New Collegiate Dictionary* 8 (1963).