Rhonda 



 NO. 12-01-00287-CR


NO. 12-01-00288-CR


NO. 12-01-00289-CR


NO. 12-01-00290-CR


NO. 12-01-00291-CR


NO. 12-01-00292-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


ROY MILTON CRYER,
§
 APPEAL FROM THE 402ND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 WOOD COUNTY, TEXAS






 

 Roy Milton Cryer ("Appellant") appeals from the trial court's order denying habeas corpus
relief in six separate causes. In two issues, Appellant contends that the trial court erred by failing to
grant the requested relief because trial under the indictments is barred by the constitutional doctrines
of double jeopardy and collateral estoppel and would violate his fundamental rights to due process and
due course of law. We affirm in part and reverse and render in part. 


Background Appellant was charged under seven separate indictments with the offense of aggravated sexual
assault of a child, K.L., by various means: 


 (1) penile penetration of K.L.'s mouth on or about July 4, 1997 (Trial Court Cause
Number 15,361-97);

 (2) oral contact with K.L.'s vagina on or about July 21, 1997 (Trial Court Cause
Number 15,362-97);


 (3) penile penetration of K.L.'s mouth on or about July 20, 1997 (Trial Court Cause
Number 15, 363-97);

 (4) penile penetration of K.L.'s vagina on or about July 21, 1997 (Trial Court Cause
Number 15, 364-97);

 (5) penile penetration of K.L.'s vagina on or about July 20, 1997 (Trial Court Cause
Number 15, 365-97);

 (6) penile penetration of K.L.'s mouth on or about July 8, 1997 (Trial Court Cause
Number 15, 424-98); and

 (7) penile penetration of K.L.'s mouth on or about August 15, 1997 (Trial Court Cause
Number 15, 425-98). 


 In the fall of 2000, the State proceeded to trial in a single cause, Cause Number 15,361-97. 
At trial, evidence of several instances of sexual contact between Appellant and K.L. was admitted
during the State's case-in-chief. 

 The jury acquitted Appellant. Subsequently, Appellant sought habeas corpus relief from
prosecution under the remaining six indictments on grounds of double jeopardy, collateral estoppel,
due process, and due course of law. The trial court granted the application but denied relief in each
cause. 


Habeas Corpus Standard of Review

 In his first issue, Appellant contends that the trial court erred by failing to grant the requested
relief, i.e., dismissal of the remaining six indictments, because trial on those indictments is barred
by the constitutional doctrines of double jeopardy and collateral estoppel. In his second issue,
Appellant contends that the trial court erred by failing to grant the requested relief because trial on
those indictments would violate his rights to due process and due course of law. Appellant briefs
the issues together.

 Generally, an appellate court reviews a trial court's decision to grant or deny relief on a writ
of habeas corpus under an abuse of discretion standard of review. Ex parte Mann, 34 S.W.3d 716,
718 (Tex. App.- Fort Worth 2000, no pet.); Ex parte Ayers, 921 S.W.2d 438, 440 (Tex. App.-
Houston [1st Dist.] 1996, no pet.). However, in the context of application of law to facts, when a
trial court's decision does not turn on an evaluation of credibility and demeanor, an abuse of
discretion review of the trial court's decisions is not appropriate. Ex parte Martin, 6 S.W.3d 524,
526 (Tex. Crim. App. 1999); see also Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).
In that case, because the trial judge is not in an appreciably better position than the reviewing court
to make that determination, an appellate court must conduct a de novo review. Martin, 6 S.W.3d
at 526; Guzman, 955 S.W.2d at 87. 

 The only evidence submitted at the writ hearing was the reporter's record from the trial in
Cause Number 15, 361-97, the clerk's record in the same cause, and the indictments in each cause. 
The facts are uncontested, and the issues before the habeas court and this court are the same: whether
retrial should be barred under the remaining indictments by double jeopardy, collateral estoppel, due
process or due course of law principles. Under these circumstances, where there are no questions
of fact, the habeas court was not in an appreciably better position than this court to apply the law to
the undisputed facts, and, therefore, we will undertake a de novo review. See Guzman, 955 S.W.2d
at 87.


Double Jeopardy Appellant argues specifically that because the State did not elect upon which instance of
conduct it was seeking to convict, the remaining six indictments should have been dismissed by the
trial court because the instances of conduct which form the bases of the remaining indictments are
the same instances of conduct about which evidence was admitted at the trial on the first indictment.

 The Double Jeopardy Clause of the United States Constitution provides: "[N]or shall any
person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const.
amend. V. The constitutional prohibition against double jeopardy applies to (1) a second prosecution
for the same offense after acquittal; (2) a second prosecution for the same offense after conviction;
and (3) multiple punishments for the same offense. Ex parte Rhodes, 974 S.W.2d 735, 738 (Tex.
Crim. App. 1998). 

 "When an indictment permits the State to obtain only one conviction, a defendant is not
placed in jeopardy for more than one criminal act unless the State offers multiple instances of
conduct in support of the indictment." Ex parte Goodbread, 967 S.W.2d 859, 861 (Tex. Crim. App.
1998). When the State's evidence shows several different instances of conduct that could each
arguably constitute the charged crime, the State may be compelled to elect upon which of the
instances of conduct it will seek conviction. See id. If no election is made, double jeopardy will bar
subsequent prosecution of any offense about which evidence was introduced at trial. See id. On the
other hand, if the State elects to rely on one incident, double jeopardy provides no bar to subsequent
prosecution on the other instances. See id. The trial court is obligated to require the State to elect
only if the defendant seeks such action by the trial court. O'Neal v. State, 746 S.W.2d 769, 771 n.3
(Tex. Crim. App. 1988). 

Same Offense

 "For Double Jeopardy purposes, '[t]he same offense means the identical criminal act, not the
same offense by name.'" Goodbread, 967 S.W.2d at 860 (quoting Luna v. State, 493 S.W.2d 854
(Tex. Crim. App. 1973)). To determine whether any of the remaining indictments allege the same
offense, we apply the "same elements" test. See Blockburger v. United States, 284 U.S. 299, 304,
52 S. Ct. 180, 182, 76 L. Ed. 306 (1932). In the context of subsequent prosecutions, the essential
elements of an offense relevant to a double jeopardy inquiry are those of the charging instrument
rather than solely the penal statute itself. See Rhodes, 974 S.W.2d at 740-41; Perez v. State, 947
S.W.2d 268, 272 (Tex. Crim. App. 1997). If an indictment requires proof of a fact which another
indictment does not, the indictments do not allege the same offense and jeopardy does not bar
successive prosecution. See United States v. Dixon, 509 U.S. 688, 696, 113 S. Ct. 2849, 2856, 125
L. Ed. 2d 556 (1993). 

 The offense of aggravated sexual assault of a child can be committed in several ways. A
person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly
causes the penetration of the female sexual organ of a child younger than fourteen years of age by
any means. See Tex. Pen. Code Ann. § 22.021(a) (Vernon Supp. 2002). A person commits the
offense of aggravated sexual assault of a child if he intentionally or knowingly causes the penetration
of the mouth of a child younger than fourteen years of age by the sexual organ of the actor. See id. 
A person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly
causes the sexual organ of a child younger than fourteen years of age to contact the mouth of the
actor. See id. Each instance of sexual assault is a separate crime and may be prosecuted in separate
trials. Goodbread, 967 S.W.2d at 861. 

 The first step in our jeopardy analysis is to determine whether the remaining indictments
require proof of facts which the indictment in Cause Number 15,361-97 did not. See Dixon, 509
U.S. at 696, 113 S. Ct. at 2856. To sustain a conviction under the indictment in Cause Number
15,361-97, the State was required to prove that Appellant intentionally or knowingly penetrated the
mouth of K.L., a child younger than fourteen years of age, with his penis. The remaining indictments
allege that Appellant sexually assaulted K.L. by various means as described above. All of the
remaining indictments require proof of the fact that K.L. was a child younger than fourteen years of
age at the time of the offenses alleged. Therefore, we will not consider the age or identity of K.L.
in our analysis of the elements of the offenses alleged in the remaining indictments. All of the
remaining indictments allege that the offenses occurred "on or about" various dates. When an
indictment alleges that an offense occurred "on or about" a certain date, the State is not required to
prove that the offense occurred on the specific date alleged but only that the offense occurred prior
to the presentment of the indictment and within the limitations period. See Sledge v. State, 953
S.W.2d 253, 256 (Tex. Crim. App. 1997). Therefore, we will not consider the dates of the offenses
in our analysis of the elements of the offenses alleged in the indictments.

 The indictments in Cause Numbers 15,364-97 and 15, 365-97 require proof of a fact which
the indictment in Cause Number 15,361-97 did not: penile penetration of K.L.'s vagina. Therefore,
the indictments in Cause Numbers 15,364-97 and 15, 365-97 do not allege the same offense as
alleged in Cause Number 15,361-97, and jeopardy does not bar prosecution under those indictments. 
 The indictment in Cause Number 15,362-97 requires proof of a fact which the indictment in
Cause Number 15,361-97 did not: oral contact with K.L.'s vagina. Therefore, the indictment in
Cause Number 15,362-97 does not allege the same offense as alleged in Cause Number 15,361-97,
and jeopardy does not bar prosecution under this indictment. 

 On the other hand, the indictments in Cause Numbers 15,363-97, 15,424-98, and 15,425-98
do not require proof of any fact which the indictment in Cause Number 15,361-97 did not. These
three indictments charge offenses with the "same elements" as the indictment in Cause Number
15,361-97. Therefore, to determine whether jeopardy bars prosecution of Appellant under these
indictments, we must look to the record in Cause Number 15,361-97 to determine whether proof was
introduced at trial about multiple instances of conduct which would support a conviction under that
indictment and the indictments in Cause Numbers 15,363-97, 15,424-98, and 15,425-98 and to
determine whether an election was made. See Goodbread, 967 S.W.2d at 861. 

Proof Offered at Trial

 At trial, K.L. testified that on July 4, 1997, she and Appellant were traveling in Appellant's
truck to Sulphur Springs when he asked her to give him a "blow job." K.L. testified that she
complied, and Appellant penetrated her mouth with his penis as they drove through the intersection
in Yantis.

 K.L. testified that about two weeks later, she was riding in Appellant's truck when he left the
road and backed into a driveway in a remote area in Wood County. K.L. said that she and Appellant
were preparing to have sexual intercourse in the truck but stopped when another vehicle drove by. 
K.L. said that they left the remote area, drove to Appellant's house, and had sexual intercourse in
Appellant's bedroom. 

 K.L. testified that another time she was riding in Appellant's truck about one o'clock in the
morning along with another girl, Andrea Hooker ("Andrea"). (1) K.L. said that while Andrea was
driving on "back roads," Appellant penetrated her (K.L.'s) vagina with his fingers, and after Andrea
got out of the truck at Wal-Mart in Sulphur Springs, Appellant penetrated her mouth with his penis. 
 K.L. testified that another day, when she was wearing a black dress, Appellant penetrated her
vagina with his fingers and then they had sexual intercourse in Appellant's home. She also testified
that she and Appellant engaged in "sexual activities" fifteen or twenty times, sometimes up to three
times a day, over a one-month period. 

 Wood County Sheriff's Lieutenant Joyce Box, the outcry witness, testified that K.L. told her
about several incidences of sexual assault. Lieutenant Box's testimony was consistent with K.L.'s
testimony about the July 4 incident in the intersection in Yantis, the incident involving the black
dress, and the incident when Andrea was with Appellant and K.L. in the truck. Additionally,
Lieutenant Box testified that K.L. told her that on the occasion when K.L. and Appellant parked in
a remote location with the intention of having sexual intercourse in the truck, Appellant penetrated
her (K.L.'s) mouth with his penis "about the intersection or somewhere there in Yantis" while en
route to the remote location. 

 Our review of the record reveals that evidence was offered at trial of at least two (2) instances
of conduct which would have supported a conviction under the indictment in Cause Number 15,361-97 and the three indictments with the same elements: K.L.'s testimony about Appellant's penile
penetration of her mouth on July 4, 1997 as the two were driving to Sulphur Springs and Lieutenant
Box's testimony that K.L. told her that Appellant penetrated her (K.L.'s) mouth with his penis as the
two were driving to the remote location. (3) Therefore, we must determine whether an election was
made.

Election

 Appellant did not request an election in Cause Number 15, 361-97, but the State argues that
an election "[wa]s contained in the court's charge" in that cause. An election is "some action that
excludes or limits the jury's consideration of an offense: for example, by instructing the jury to
disregard the evidence or by limiting the purpose for which the evidence is offered." Goodbread,
967 S.W.2d at 861 n.2. 

 An election made in the jury charge, and not before, would, generally, be ineffective. Where
the State makes no election at or prior to resting its case-in-chief, "a defendant might find himself
without notice as to which of a multitude of acts he might be called upon to defend." O'Neal, 746
S.W.2d at 772. Therefore, the trial court in its discretion may order the State to make its election
at any time prior to the resting of the State's case-in-chief, but once the State rests its case-in-chief,
in the face of a timely request by the defendant, the trial court must order the State to make its
election. Id. Failure to do so constitutes error. Id.; see also Gutierrez v. State, 8 S.W.3d 739, 748
(Tex. App.- Austin 1999, no pet.) (holding that it was not error for the trial court to deny defendant's
motion for election at charge conference because the motion was untimely). However, because
Appellant did not request an election, we will assume without deciding that in the trial in Cause
Number 15, 361-97, an effective election could have been made solely by including certain language
in the jury charge. Next, we must decide whether the State did, in fact, make an election in the jury
charge in Cause Number 15, 361-97. 

 The State does not point to where, precisely, in the charge in Cause Number 15,361-97 an
election was made, but references, generally, the following portions of the charge: (1) an instruction
that evidence of extraneous offenses should be considered only if believed beyond a reasonable
doubt and then only for the limited purpose of assessing the credibility of the defendant; (2) an
instruction that the State is not required to prove the exact date of the offense as alleged in the
indictment but only that the offense was committed prior to the presentment of the indictment and
within the limitations period; and (3) the application paragraph of the charge.

 Upon careful review, we conclude that the court's charge in Cause Number 15,361-97 does
not reflect an effective election. Though the jury was instructed to consider "offenses other than the
offense alleged against [Appellant] in the indictment" only for a limited purpose, the only way in
which the offense in the application paragraph of the charge was distinguished from the other
instance of penile penetration of K.L.'s mouth which would support a conviction was by the date. 
However, the jury charge specifically instructed the jury that the State was not bound to prove a date
certain, and the prosecutor argued the same. Nor was the offense upon which the State was seeking
conviction specified in the prosecutor's closing argument by any other distinguishing fact. The
prosecutor mentioned in his argument that the offense occurred while Appellant and K.L. were
driving through Yantis, but both instances of penile penetration of K.L.'s mouth which would have
supported a conviction under the jury charge allegedly took place while Appellant and K.L. were
driving through Yantis. 

 Because the testimony about the two instances of conduct which would have supported a
conviction under the indictment in Cause Number 15,361-97 would also support a conviction under
the indictments in Cause Numbers 15,363-97, 15,424-98, and 15,425-98 and no election was made,
jeopardy bars prosecution of Appellant under these indictments. Therefore, Appellant's first issue
is sustained as to the indictments in Cause Numbers 15,363-97, 15,424-98, and 15,425-98.

 Because jeopardy does not bar prosecution of Appellant under the indictments in Cause
Numbers 15,362-97, 15,364-97 and 15, 365-97, we must next determine whether they are barred by
principles of collateral estoppel. 

Collateral Estoppel

 Collateral estoppel is an integral part of the protection against double jeopardy guaranteed
by the Fifth Amendment to the federal constitution. See Ashe v. Swenson, 397 U.S. 436, 445, 90
S. Ct. 1189, 1195, 25 L. Ed. 2d 469 (1970). Double jeopardy bars any retrial of a criminal offense,
while collateral estoppel bars any retrial of specific and discrete facts that have been fully and fairly
adjudicated. Ex parte Watkins, 73 S.W.3d 264, 267 (Tex. Crim. App. 2002). Under the doctrine
of collateral estoppel, once an issue of ultimate fact has been determined by a valid judgment, that
issue cannot again be litigated between the same parties in any future action. Ashe, 397 U.S. at 443,
90 S. Ct. at 1194. A determination as to whether collateral estoppel bars a subsequent prosecution
requires a two-step analysis: (1) a determination of what facts were necessarily decided in the first
proceeding and (2) a determination whether the "necessarily decided" facts constitute essential
elements of the offense in the second trial. Neal v. Cain, 141 F.3d 207, 210 (5th Cir. 1998). In each
case, courts must review the entire trial record, as well as the pleadings, the charge, and the
arguments of the attorneys, to determine "with realism and rationality" precisely which facts the jury
necessarily decided and whether the scope of its findings regarding specific historical facts bars
relitigation of those same facts in a second criminal trial. Watkins, 73 S.W.3d at 268-69.

 The court's charge in Cause Number 15,361-97 asked the jury to decide whether (1)
Appellant, (2) on or about July 4, 1997, (3) intentionally or knowingly caused the penetration, by his
penis, of the mouth of (4) K.L., (5) a child younger than fourteen years of age and not the spouse of
the defendant. The indictment in Cause Number 15,362-97 requires proof that (1) Appellant, (2) on
or about a particular date, (3) intentionally or knowingly contacted the vagina of (4) K.L., (5) a child
younger than fourteen years of age and not the spouse of the defendant, (6) with Appellant's mouth. 
The only common facts to be decided under this indictment and the charge in Cause Number 15,361-97 are the identity of Appellant and the identity, age, and marital status of K.L. The indictments in
Cause Numbers 15,364-97 and 15,365-97 require proof that (1) Appellant, (2) on or about a
particular date, (3) intentionally or knowingly caused the penetration, by his penis, of the vagina of
(4) K.L., (5) a child younger than fourteen years of age and not the spouse of the defendant. The
only common facts to be determined under these indictments and the charge in Cause Number
15,361-97 are the identity of Appellant and the identity, age, and marital status of K.L. If, by its
verdict in Cause Number 15,361-97, the jury necessarily decided one of these common facts against
the State, prosecution under the indictments in Cause Numbers 15,362-97, 15,364-97, and 15,365-97
is barred by collateral estoppel. In other words, collateral estoppel would prevent prosecution under
these three indictments only if the jury necessarily decided that Appellant was not the person who
sexually assaulted K.L., that Appellant had sexually assaulted some other child, or that K.L. was not
younger than fourteen years of age or was not married to Appellant.

 Our review of the entire record in Cause Number 15,361-97 does not reveal to us which facts
the jury necessarily decided against the State to reach its verdict of not guilty. The jury may have
acquitted Appellant because it did not believe beyond a reasonable doubt that the offense occurred
on or about July 4, 1997. Appellant vigorously defended the issue of the date and offered evidence
from several witnesses that Appellant was not with K.L. on July 4, 1997. The jury may have
acquitted Appellant because it did not believe beyond a reasonable doubt that Appellant penetrated
K.L.'s mouth with his penis. Appellant did not dispute that K.L. was a passenger in his vehicle on
more than one occasion, but strenuously denied that any sexual contact occurred when they were
together in his truck, and counsel argued that to accuse Appellant of engaging in such conduct in a
vehicle traveling on a public road in broad daylight was outrageous. 

 In Cause Number 15,361-97, the evidence was undisputed that if there was a victim, it was
K.L. and that she was younger than fourteen years of age and not married to Appellant at the time
of the offense. There was evidence in the record that another adult male had sexually assaulted K.L. 
However, Appellant did not base his defense or his argument on identity. The mere possibility that
a fact may have been determined in a former trial is insufficient to bar relitigation of that same fact
in a second trial. Watkins, 73 S.W.3d at 268. Because we cannot conclude that the jury necessarily
decided any of the above described common facts against the State in the trial in Cause Number
15,361-97, the principles of collateral estoppel do not prohibit prosecution of Appellant under Cause
Numbers 15,362-97, 15,364-97, and 15,365-97. Accordingly, Appellant's first issue is overruled
as to these cause numbers. 


Due Process and Due Course of Law

 Appellant recites that double jeopardy and collateral estoppel are due process
"consideration[s]." We agree. However, our resolution of Appellant's double jeopardy and
collateral estoppel claims does not entirely resolve Appellant's due process argument. We
understand Appellant to argue that his prosecution under the remaining indictments would violate
his rights to due process and due course of law because multiple instances of sexual assault would
be introduced at each new trial, and, therefore, Appellant would face trial for "being a criminal
generally" at each new trial as he did at the first trial.

 The essential guarantee of the Due Process Clause is that the government may not imprison
a person except in accordance with fair procedures. Jenkins v. State, 993 S.W.2d 133, 135 (Tex.
App.- Tyler 1999, pet. ref'd). An accused is entitled to be tried on the accusation made in the state's
pleading and he should not be tried for some collateral crime nor for being a criminal generally. 
Albrecht v. State, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972). Evidence of extraneous offenses
is usually excluded because such evidence is inherently prejudicial, tends to confuse the issues in the
case, and forces the accused to defend himself against collateral charges. Id. 

 At the trial in Cause Number 15,361-97, evidence of multiple sexual assaults by Appellant
against K.L. was introduced. The State contends the evidence was introduced under Article 38.37
of the Texas Code of Criminal Procedure which affords for a specific and limited exception to the
prohibition against evidence of extraneous offenses in cases of sexual assault of a child. Article
38.37 provides that 


 evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the
victim of the alleged offense shall be admitted for its bearing on relevant matters, including: (1) the
state of mind of the defendant and the child; and (2) the previous and subsequent relationship between
the defendant and the child. 


Tex. Code. Crim. Proc. Ann. art. 38.37, § 2 (Vernon Supp. 2002). 

 In Jenkins, we held that application of Article 38.37 does not render a trial fundamentally
unfair. This is because the other acts of misconduct may explain the charged act, special
circumstances surrounding the sexual assault of a child outweigh normal concerns associated with
evidence of extraneous offenses, and fairness is preserved by a defendant's right to cross
examination. Jenkins, 993 S.W.2d at 136. Nothing in the record before us or in Appellant's
arguments and authorities convinces us that our prior reasoning is unsound. See also Phelps v. State,
5 S.W.3d 788, 798 (Tex. App.- San Antonio 1999, pet. ref'd) (holding Article 38.37 constitutional
on its face and as applied). Therefore, we hold that trial under the remaining indictments should not
be barred on due process or due course of law grounds merely because evidence of multiple sexual
assaults will surely be admitted. Accordingly, Appellant's second issue is overruled.



Conclusion For the foregoing reasons, the trial court's order denying relief is affirmed in Cause Numbers
15,362-97, 15,364-97, and 15-365-97. Because the constitutional prohibition against double
jeopardy bars prosecution of Appellant under the indictments in Cause Numbers 15,363-97, 15,424-98, and 15,425-98, we reverse the judgment of the trial court in those causes and render judgment
dismissing those causes with prejudice. See Tex. R. App. P. 43.2(c).


 JIM WORTHEN 

 Justice



Opinion delivered June 28, 2002.

Panel consisted of Worthen, J., and Griffith, J.

























(DO NOT PUBLISH)
1. Andrea testified that this occurred in July of 1997.
2. 
 
 - 
3. The incident in the Wal-Mart parking lot in Sulphur Springs would not have supported a conviction under
the indictment in Cause Number 15,361-97 because it did not occur in Wood County.