NO. 07-02-0310-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



AUGUST 30, 2002



______________________________




ANTONIO MINDIETA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 97-423925; HONORABLE JIM B. DARNELL, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant Antonio Mindieta has appealed from an Order Denying Motion for DNA
Testing. He has filed a motion in this court seeking appointment of counsel for appellate
purposes. We abate and remand.

 On June 19, 2002, the Judge of the 140th District Court of Lubbock County entered
an order in cause number 97-423925 denying a motion by which appellant sought DNA
testing and appointment of counsel to represent him in the proceeding. Appellant timely
filed notice of appeal. 

 By motion filed with this court appellant seeks appointment of counsel to assist in
his appeal. Concurrently with his motion for appointment of counsel on appeal, appellant
filed an affidavit claiming indigence. 

 The clerk's record has not been filed. The district clerk has filed a request for
extension of time for filing of the record because appellant has not paid for or made
arrangements to pay for the record. 

 Chapter 64 of the Code of Criminal Procedure sets out procedures for convicted
persons to move for court-ordered forensic DNA testing. See Tex. Crim. Proc. Code Ann.
arts. 64.01-64.05 (Vernon Supp. 2002). Article 64.01(c) provides that a convicted person
is entitled to counsel during a proceeding under Chapter 64. Article 64.01(c) has been
interpreted as providing indigent persons the statutory right to counsel in an appeal under
Chapter 64. See Gray v. State, 69 S.W.3d 835, 837 (Tex.App.--Waco 2002, no pet. h.). 

 In a proceeding under Chapter 64, the convicting court is to determine whether the
convicted person is indigent. See art. 64.01(c). If the person is determined to be indigent,
the convicting court is to appoint counsel. Id. 

 Accordingly, we abate the appeal and remand the case to the trial court. Upon
remand, the trial court is directed to (1) immediately cause notice to be given of and to
conduct a hearing to determine whether appellant is indigent; (2) appoint counsel to
represent appellant on appeal if appellant is determined to be indigent; (3) determine
whether appellant is entitled to have the clerk's record furnished without charge; (4) make
appropriate orders to assure that the clerk's record will be promptly filed if appellant is
determined to be entitled to have the clerk's record furnished without charge; (5) make and
file appropriate findings of fact and conclusions of law and cause them to be included in
a clerk's record; (6) cause the hearing proceedings to be transcribed and included in a
reporter's record; and (7) have a record of the proceedings made and forwarded to the
clerk of this court to the extent any of the proceedings are not included in the clerk's record
or the reporter's record. In the absence of a request for extension of time from the trial
court, the clerk's record on remand, reporter's record of the hearing and proceedings
pursuant to this order, and any additional proceeding records, including any orders,
findings, conclusions and recommendations, are to be sent so as to be received by the
clerk of this court not later than September 30, 2002. 

 

 Per Curiam

Publish. 



he other appropriate method for a defendant to present a double jeopardy
claim. Apolinar v. State, 820 S.W.2d 792, 794 (Tex.Cr.App. 1991). Thus, the trial court
did not err in denying appellant's motion to dismiss the indictment. 

 Further, the Fifth Amendment to the United States Constitution provides no person
shall "be subject for the same offense to be twice put in jeopardy of life or limb." The
Texas Constitution states: "No person, for the same offense, shall be twice put in jeopardy
of life or liberty, nor shall a person be again put upon trial for the same offense, after a
verdict of not guilty in a court of competent jurisdiction. Tex. Const. art. I, § 14. Article
1.10 of the Code of Criminal Procedure tracks the language of the double jeopardy clause
of the state constitution. (Vernon 1977). Conceptually, the Texas and federal versions of
the double jeopardy clause are identical. Stephens v. State, 806 S.W.2d 812, 814
(Tex.Cr.App. 1990), cert. denied, 502 U.S. 929, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991).
That is to say, the Texas double jeopardy clause affords no greater protection than the
federal clause. Id. at 815. The double jeopardy clause specifically protects against three
distinct abuses by state authority: (1) a second prosecution for the same offense after
acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple
punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221,
2226, 53 L.Ed.2d 187, 194 (1977); Ex parte Rhodes, 974 S.W.2d 735, 738 (Tex.Cr.App.
1998). 

 To determine whether appellant's conviction for possession of marihuana bars
further prosecution for the same offense, we utilize the "same elements" test, which
considers whether each offense contains an element not present in the other. See
Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed.2d 306, 309
(1932). If they do, they are not considered the "same offense" for double jeopardy
purposes, and a successive prosecution is not barred. See United States v. Dixon, 509
U.S. 688, 696, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556, 568 (1993). The essential
elements relevant to a jeopardy inquiry are those of the charging instrument, not of the
penal statute itself. Parrish v. State, 869 S.W.2d 352, 354 (Tex.Cr.App. 1994); see also
State v. Perez, 947 S.W.2d 268, 272 (Tex.Cr.App. 1997). 

 By his trial brief and brief herein, appellant acknowledges that "courts should look
to the elements of the offense as described in the charging instrument as well as the
statutory elements when conducting a Blockburger analysis." Notwithstanding that
acknowledgment, however, appellant did not provide the trial court with a copy of the
instrument used to charge him with possession of marihuana. (1) Thus, appellant has failed
to preserve his double jeopardy claim. See Lara, 924 S.W.2d at 203 (holding it is the
accused's burden to establish a double jeopardy violation); cf. Gonzales v. State, 8 S.W.3d
640, 645 (Tex.Cr.App. 2000) (appellant has burden of presenting a record showing on its
face any multiple punishments violation). (2) Appellant's three points are overruled. 

 Accordingly, the judgment of the trial court is affirmed. 


 Don H. Reavis

 Justice


Do not publish.
1. Appellant did provide the trial court with a certified copy of the judgment of
community supervision in the possession case; however, that document did not set out the
elements of the offense as alleged in the charging instrument.
2. We are not persuaded the State's stipulation at trial that "the marijuana that he is
convicted of possessing in the county court is the same marijuana that forms the basis of
the complaint in this case" establishes a double jeopardy violation on its face. The
protection against double jeopardy is inapplicable where, as here, separate and distinct
offenses occur during the same transaction. Spradling v. State, 773 S.W.2d 553, 556
(Tex.Cr.App. 1989).