Opinion issued October 16, 2003



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00064-CR




DEIDRA DANIELLE LEWIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 253rd District Court
Chambers County, Texas
Trial Court Cause No. 12114




MEMORANDUM OPINION

          This is an appeal from the denial of appellant’s pretrial writ of habeas corpus
relief based on double jeopardy. In her petition for habeas corpus relief, appellant
contended that the trial court should have quashed her indictment for possession of
marihuana on which no tax had been paid because she had already pleaded guilty to
possession of marihuana. We affirm.
BACKGROUND
          Appellant was indicted for possession marihuana in an amount of more than
four ounces, but less than five pounds (“the possession case”). See Tex. Health &
Safety Code Ann. § 481.121 (Vernon 2003). Appellant was also indicted for
possessing a taxable substance, to-wit: 391 grams of marihuana, on which no tax had
been paid (“the tax case”). See Tex. Tax Code Ann. § 159.201 (Vernon 2002). 
Appellant pleaded guilty in the possession case and then filed an application for writ
of habeas corpus, contending that the subsequent prosecution in the tax case violated
the constitutional protection afforded her by the Double Jeopardy Clause.


 The trial
court denied habeas corpus relief and this appeal followed. In two related points of
error, appellant contends the trial court erred by denying her habeas corpus relief.
LAW AND ANALYSIS
          The double jeopardy clause protects against multiple punishments for the same
offense as well as multiple prosecutions for the same offense after a conviction or an
acquittal. Brown v. Ohio, 432 U.S. 161, 97 S. Ct. 2221 (1977); State v. Perez, 947
S.W.2d 268, 270 (Tex. Crim. App. 1997). Because the case before us involves the
validity of the second prosecution, we are concerned with the double jeopardy
protection prohibition against multiple prosecutions.


 See Perez, 947 S.W.2d at 269.
          The resolution of this case is governed by Perez, in which the defendant, like
the defendant in this case, pleaded guilty to possession of marihuana, then claimed
that the subsequent prosecution for failure to pay tax on the marihuana was barred by
double jeopardy. 947 S.W.2d at 269. The Court of Criminal Appeals began its
analysis by noting that the threshold question was whether the defendant was being
prosecuted for the “same offense” in the second prosecution, i.e., the prosecution of
the tax case. Id. To decide this issue, the court, citing Blockburger v. United States,
284 U.S. 299, 52 S. Ct. 180 (1932), compared the elements alleged in the initial
indictment with the elements alleged in the second indictment. Id. at 270-71. The
court noted that the possession case required proof of a usable amount of marihuana,
whereas the tax case required proof that the defendant purchased marihuana. Id. at
271-72. Because each indictment required proof of an element that the other did not,
the Perez court concluded that they were not the “same offense” for purposes of
double jeopardy. Id. at 272. Therefore, the court concluded that prosecution of the
tax case was not barred by the previous conviction in the possession case. Id.          In this case, the indictment in the possession case provided that appellant
did then and there intentionally and knowingly possess a usable quantity
of marihuana in an amount of five pounds or less but more than four
ounces . . .

          The indictment in the tax case provided that appellant
did intentionally and knowingly possess a taxable substance, to-wit: 391
grams of marihuana on which no marihuana tax has been paid to the
Texas Comptroller of Public Accounts.

          After comparing the elements alleged in the two indictments, we conclude that 
the possession case and the tax case do not charge the “same offense.” The
possession case requires proof of a usable quantity of marihuana, whereas the tax case
requires proof that no marihuana tax has been paid to the Texas Comptroller. The
Perez court acknowledged that such differences in the indictments mean that the
charged offenses are not the “same offense.” See 947 S.W.2d at 272 n.7. 
 
 
 
 
 
 
 
CONCLUSION
          Because the possession case and the tax case do not charge the “same offense,”
the trial court did not err by denying appellant habeas corpus relief. Accordingly, we
affirm the judgment of the trial court.
 
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).