**Opinion filed August 21, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00266-CR
_____

## RICARDO RAMIREZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**

**Midland County, Texas**

**Trial Court Cause No. 140774**

## M E M O R A N D U M   O P I N I O N

The jury found Ricardo Ramirez guilty of the offense of possession of marihuana in the amount of two ounces or less.[1]  The trial court assessed punishment at confinement for 180 days in the Midland County jail, probated for twelve months, and a $500 fine.  In his sole issue on appeal, Appellant challenges the sufficiency of the evidence to support his conviction.  We affirm.

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(1) (West 2010).

## I. *The Charged Offense*

The State charged Appellant by information with the offense of possession of two ounces or less of marihuana. A person commits the offense of possession of marihuana if he knowingly or intentionally possesses a usable quantity of marihuana. HEALTH & SAFETY § 481.121(a). Possession of two ounces or less of marihuana is a Class B misdemeanor punishable by confinement in jail for a term not to exceed 180 days, a fine not to exceed $2,000, or both. *See id.* § 481.121(b)(1); TEX. PENAL CODE ANN. § 12.22 (West 2011).

## II. *Evidence at Trial*

Xavier Morales, who was an officer with the Midland Police Department at the time of the offense, testified that he stopped next to Appellant at a stoplight at a railroad crossing. When the light changed, the railroad crossing gate began to rise, and Appellant drove through the crossing before the gate had completely risen. Officer Morales testified that that was a traffic violation, and he activated his lights and pulled Appellant over.[2] Officer Morales asked Appellant for permission to search his vehicle, and Appellant consented. Officer Morales called and waited for backup before he searched Appellant's vehicle. While Officer Morales searched Appellant's vehicle, Appellant shouted that "the weed was in the center console." Officer Morales found a small plastic baggie inside a cup holder in front of the center console and arrested Appellant for possession of marihuana.

Officer Morales testified that he was familiar with marihuana and its characteristics as a result of training he had received in the police department and in school. Officer Morales testified that, in his opinion, through his training and experience, he believed the substance in the baggie to be marihuana. Marissa Silva, a chemist with the Texas Department of Public Safety laboratory in Midland, testified as the State's expert witness, but she was not the chemist who observed the

---

[2]*See* TEX. TRANSP. CODE ANN. § 545.251(d) (West 2011).

2

substance in the baggie under a stereoscope. The trial court did not allow Silva to testify about the other chemist's report, but the trial court did allow Silva to offer her lay opinion. Silva testified that the substance looked and smelled like marihuana. But Silva also said she could not definitively state whether the substance was marihuana until after she had observed it under a stereoscope.

Erica Lujan, Appellant's girlfriend, owned the vehicle that Appellant drove on the night of the offense. Lujan testified that she cleaned out the vehicle two or three days before the date of the offense, that "[p]robably no one" drove it besides Appellant after she cleaned it out, and that no one else had access to it. Lujan testified that there was no marihuana in the vehicle when she loaned it to Appellant.

### III. *Standard of Review*

We apply the sufficiency standard outlined in *Jackson* and its progeny to Appellant's sufficiency issue. *Jackson v. Virginia*, 443 U.S. 307, 318 (1979); *Brooks v. State*, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We review all of the evidence in the light most favorable to the jury's verdict and decide whether any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. The trier of fact holds the responsibility to resolve conflicts in the testimony fairly, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* We are to resolve inconsistencies in the testimony in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). We measure sufficiency of the evidence against a hypothetically correct jury charge. *Id.* at 404. A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

IV. *Analysis*

Appellant argues that the evidence was insufficient to support his conviction because the State offered no expert testimony to prove that the substance was marihuana and because no evidence existed that Appellant possessed a usable quantity. The Court of Criminal Appeals has held that a police officer's identification of marihuana is admissible as a lay opinion. *Osbourn v. State*, 92 S.W.3d 531, 537–38 (Tex. Crim. App. 2002). "Unlike other drugs that may require chemical analysis, marihuana has a distinct appearance and odor that are familiar and easily recognizable to anyone who has encountered it." *Id.* at 538. Further, Texas courts have held an officer's lay opinion to be sufficient to establish that a substance is marihuana. *See, e.g.*, *Deshong v. State*, 625 S.W.2d 327, 329–30 (Tex. Crim. App. [Panel Op.] 1981) (concluded officer's testimony that the substance he found in defendant's car was marihuana was sufficient to prove that the substance was marihuana); *Carmouche v. State*, 540 S.W.2d 701, 703 (Tex. Crim. App. 1976) (officer's testimony that the cigar box contained marihuana was sufficient to establish that the substance found in the cigar box was marihuana); *Boothe v. State*, 474 S.W.2d 219, 221 (Tex. Crim. App. 1971) (held testimony of two experienced narcotics officers that the substance found appeared to them to be marihuana was sufficient for the jury to determine that it was marihuana); *Thompkins v. State*, No. 02-12-00526-CR, 2013 WL 5517875, at *5 (Tex. App.—Fort Worth Oct. 3, 2013, pet. ref'd) (mem. op., not designated for publication) (held evidence was sufficient where two police officers and one investigator testified that they identified the substance as marihuana based on their training and experience); *Mendoza v. State*, No. 04-11-00357-CR, 2011 WL 6209178, at *2 (Tex. App.—San Antonio Dec. 14, 2011, no pet.) (mem. op., not designated for publication) (held officer's testimony that substance was marihuana was sufficient to support the conviction); *Moody v. State*, No. 13-08-00212-CR, 2009 WL 2605904, at *3–4 (Tex. App.—Corpus Christi Aug. 26, 2009, pet. ref'd) (mem. op., not designated for

4

publication) (held evidence was sufficient where three officers identified substance as marihuana and marihuana was admitted as evidence); *Campos v. State*, 716 S.W.2d 584, 588 (Tex. App.—Corpus Christi 1986, no pet.) (held officer's testimony that the substance was a usable amount of marihuana was sufficient to show that the substance was marihuana; however, evidence was insufficient to link defendants to marihuana).

Additionally, a jury can find that the amount of marihuana a defendant possessed was a usable quantity through circumstantial evidence or inferences drawn from evidence of the amount of marihuana possessed. *State v. Perez*, 947 S.W.2d 268, 271 n.6 (Tex. Crim. App. 1997); *see White v. State*, No. 01-09-00903-CR, 2010 WL 5060610, at *3 (Tex. App.—Houston [1st Dist.] Dec. 9, 2010, pet. ref'd) (mem. op., not designated for publication) (cited cases and explained that, if factfinder can view and examine marihuana admitted into evidence, then factfinder can determine usable quantity).

Here, Officer Morales testified that, based on his training and experience, he believed the substance was marihuana. Additionally, Silva testified that the substance looked and smelled like marihuana. The evidence was sufficient to support the jury's finding that the substance was marihuana. *See Deshong*, 625 S.W.2d at 329–30. The marihuana was admitted into evidence as an exhibit, and the jury could examine it to determine whether the amount constituted a usable quantity. The evidence was sufficient for the jury to find that the amount of marihuana was a usable quantity.[3] *See Perez*, 947 S.W.2d at 271 n.6. The evidence was sufficient to support Appellant's conviction. *See Jackson*, 443 U.S. at 318. We overrule Appellant's sole issue.

---

[3]We note that, although circumstantial evidence can be sufficient, the Court of Criminal Appeals has "encouraged the State to offer specific proof on the issue." *See Perez*, 947 S.W.2d at 271 n.6; *Lejeune v. State*, 538 S.W.2d 775, 780 (Tex. Crim. App. 1976).

## V. *This Court's Ruling*

We affirm the judgment of the trial court.



MIKE WILLSON

JUSTICE


August 21, 2015

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.