## HENRY GETTERS v. STATE

No. 32,288.   November 2, 1960

Motion for Rehearing Overruled December 14, 1960

*Frederick W. Robinson,* Houston 2, for appellant.

*Dan Walton,* District Attorney, *Carl E. F. Dally, Lee P. Ward, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted as a second offender under the Uniform Narcotic Drug Act, Art. 725b, V. A. P. C., for the unlawful possession of marihuana and his punishment assessed at confinement in the penitentiary for 10 years.

The state's proof shows that on the date alleged, Officers Gray and Stringfelow, of the Narcotics Division of the Houston Police Department, went to the appellant's apartment with a search warrant to search for narcotic drugs. When the officers arrived, appellant and a Negro female were present in the apartment. During the search, Officer Gray noticed that the appellant kept looking at a dresser in the room, whereupon he went to the dresser and found in an open candy box on top of the dresser two brown paper packages which contained some seeds, a leafy substance, and two small brown strips of cigarette paper. Officer Gray, who had been assigned to the narcotics division for five and one-half years, testified that in his opinion the seeds in the packages were marihuana seeds and that the leafy substance was marihuana. Officer Stringfellow testified that the two packages contained enough marihuana leaves, if used with the seeds, to make a marihauna cigarette and that the two small brown pieces of paper resembled pieces of paper which had been torn from a marihauna cigarette. A chemical and microscopic examination of the contents of the two packages by Chemist Robert F. Crawford of the Houston Police Department showed that the packages contained approximately five grams of marihuana seed and 35 particles or leaf fragments of marihuana. Chemist Crawford testified that the 35 leaf fragments of marihuana were visible to the naked eye; that although he did not weigh them, they might weigh as much as 2/100 of a gram. He stated that the 35 leaf fragments would not make a marihuana cigarette. He further stated that the marihuana seeds contained no narcotics and that he was unable to say whether they were viable. It was shown by the testimony of Officers Gray and Stringfellow that the users of narcotics in the Houston area smoked marihauna seeds in marihuana cigarettes.

The prior alleged conviction of appellant was stipulated.

Testifying as a witness in his own behalf, appellant denied that he possessed any narcotics in his apartment.

Appellant's sole contention on appeal is that the evidence is insufficient to sustain his conviction.

Appellant first contends that his conviction cannot be sustained upon proof that he possessed the marihuana seeds because of the absence of any proof that the seeds were viable and capable of germination. In support of his contention, appellant refers to the Federal Statute, sec. 4761 (2), Title 26, U. S. Code Annotated, which, in defining the term "marihuana," expressly excludes the sterilized seed of such plant which is incapable of germination.

The Uniform Narcotic Drug Act, Art. 725b, supra, in defining a narcotic drug, provides in sec. 1(14) that the same means, among other drugs, "Cannabis," and in sec. 1(13) provides in part as follows: "The term 'Cannabis,' as used in this Act, shall include all parts of the plant Cannabis Sativa L., whether growing or not, the seeds thereof, * * *. The term 'Cannabis' shall include those varieties of Cannabis known as Marihuana, Hashish, and Hashoesh." The act, in defining a narcotic drug, clearly includes the seed of a marihuana plant and makes no distinction between viable and sterilized seed of the plant. The contention is overruled.

Appellant next contends that his conviction cannot be sustained upon proof that he possessed the 35 particles of marihuana because the evidence shows that the particles, by themselves, were not of sufficient quantity to make a marihuana cigarette and therefore was not an amount sufficient to be applied to the use commonly made thereof. Reliance is had upon Pelham v. State, 164 Tex. Cr. R. 226, 298 S. W. 2d 171, where the rule was laid down by this court that to constitute unlawful posession of marihuana under Art. 725b, supra, there must be possessed an amount sufficient to be applied to the use commonly made thereof.

While the proof does show that the particles of marihuana were insufficient, by themselves, to make a marihuana cigarette, the proof does show that the particles together with the marihuana seeds found in appellant's apartment were of sufficient quantity to make a cigarette. Under such proof the marihuana shown to have been possessed by appellant was an amount sufficient to be applied to the use commonly made thereof.

We find the evidence sufficient to meet the requirement of the rule laid down in the Pelham case, supra, and to support appel-

lant's conviction for unlawfully possessing a narcotic drug in violation of Art. 725b, supra.

The judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

The motion for rehearing is predicated upon the contention that marihuana seed is not commonly used for smoking, and is to be excluded in determining whether the amount of marihuana found was sufficient under Pelham v. State, 164 Tex. Cr. R. 226, 298 S.W. 2d 171.

If we agreed with this, then to sustain appellant's position we would be required to further hold that the state was under the burden of proving that the marihuana seed was not sterilized but was viable and would germinate, if planted.

The writer dissented in Pelham v. State and the later case of Johnson v. State, 165 Tex. Cr. Rep. 158, 305 S.W. 2d 361. However, the majority holding was upon the assumption that the only use commonly made of marihuana is to smoke it in cigarettes. The seed which are specifically included in the definition of marihuana and the plant Cannabis Sativa L. are not restricted to that use, though the officers testified they were so commonly used.

The Uniform Narcotic Drug Act, Art. 725b V.A.P.C., contains no reference to marihuana seed being viable or sterilized. If this characteristic was controllıng, it was a defense in the nature of an excuse, and the burden of proof was on the appellant under Section 21 of said Art. 725b V.A.P.C.

Appellant's motion for rehearing is overruled.