**William Kyle MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54207.**

Court of Criminal Appeals of Texas.

Nov. 16, 1977.

State's Motion for Rehearing Denied Feb. 8, 1978.

R. Leonadis McKinney, III, Colorado City, on appeal only, for appellant.

Frank Ginzel, Dist. Atty., Colorado City, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from an order of the court revoking the appellant's probation. The trial judge found that the appellant had violated a condition of his probation, sentenced the appellant to confinement in the county jail for 60 days, and imposed a fine of $100.

The appellant's contentions are numerous. Due to our disposition of the case, we need only consider the appellant's contention that the trial judge abused his discretion in holding that the appellant violated a condition of his probation by possessing a usable quantity of marihuana.[1] We reverse the conviction and remand the cause.

On January 12, 1976, the appellant pleaded guilty to the offense of driving a motor vehicle upon a public road while under the influence of intoxicating liquor. The appel-

---

1. Although the motion to revoke alleged three grounds for revocation, the trial judge revoked the appellant's probation only on the ground that he knowingly possessed a usable quantity of marihuana.

lant was assessed 60 days' confinement in the county jail and a fine of $100. The trial judge suspended the imposition of the term of imprisonment.

One of the conditions of the appellant's probation was that he "1. [c]ommit no offense against the laws of this State or any other State or the United States."

The State's motion to revoke, filed on June 3, 1976, and amended on June 7, 1976, alleged in part that ". . . on or about the 16th day of March, 1976, he knowingly possessed a usable quantity of marihuana, to-wit: less than two (2) ounces . . .."

On June 16, 1976, a hearing was held on the State's amended motion. At the close of that hearing, the trial judge found that the appellant had violated condition 1 of his probation by knowingly possessing a usable quantity of marihuana on March 16, 1976.

The testimony reveals that on March 16, 1976, Wendel Bryant, an off-duty policeman, saw the appellant driving his automobile on a public street in Colorado City. The appellant and his companion were slumped down in their seats and the officer could barely see their heads. Shortly thereafter, Bryant encountered Sgt. Fuller, who was on patrol duty. Bryant told Fuller what he observed and that he thought the occupants of the automobile were smoking marihuana.

Fuller then saw the appellant's automobile travelling on a busy street. He likewise noticed that the appellant and his companion were slouched very low in their seats and could barely see them. Fuller testified that he stopped the appellant because he thought the appellant was endangering lives and property.

Fuller further testified that after he stopped the appellant he observed that the appellant's eyes were bloodshot and glassed over. He also smelled the odor of burning marihuana coming from inside the vehicle.

Fuller, after smelling the odor of burnt marihuana, saw what appeared to be fragments of marihuana, marihuana seeds on the floorboards and both seats, and a pink "roach" in the ash tray.

2. See Article 4476–15, Section 1.02(17), Controlled Substances Act, which states:

After Fuller took the appellant and his companion to the police station, he searched the appellant's automobile. The search revealed the contents of State's Exhibits 1, 1A, 2 and 3.

State's Exhibits 1 and 1A, a pipe and two roach clips, revealed traces of marihuana residue. David Legg, a chemist with the Texas Department of Public Safety, testified that the residue was not usable. Rather, Legg indicated that the residue was from marihuana which had already been used.

State's Exhibit 2 consisted of a baggie containing eight marihuana seeds and other debris. Legg testified that he could identify marihuana particles among the debris in State's Exhibit 2. He did not testify as to their weight.

Legg also testified that he attempted to germinate the eight seeds. Only one seed germinated. There was no testimony relating to the weight of either the eight seeds or the seed which germinated.

State's Exhibit 3 consisted of a baggie containing debris, paper, matchsticks and trash collected from beneath the driver's seat and the ash tray. Legg testified that his chemical test of the contents of State's Exhibit 3 revealed a trace of marihuana. Legg did not testify as to the weight of the marihuana contained in State's Exhibit 3.

Legg, however, did testify that the usable quantity of marihuana contained in State's Exhibits 1, 1A, 2 and 3 was "probably" less than one-tenth of a gram. However, Legg could not testify to the exact weight of the usable marihuana. Moreover, Legg apparently included the residue from State's Exhibits 1 and 1A, and the seeds from State's Exhibit 2 which did not germinate, in his estimate of the weight of the marihuana.

Since Legg had previously testified that State's Exhibits 1 and 1A did not contain usable marihuana and seven of the eight seeds contained in State's Exhibit 2 did not germinate,[2] Legg's testimony that there

" 'Marihuana' means the plant Cannabis sativa L., whether growing or not; the seeds there-

was probably less than one-tenth of a gram of marihuana was speculative at best.

More importantly, Legg testified that a usable quantity of marihuana for smoking purposes was between two-tenths and five-tenths of a gram.

In *Pelham v. State,* 164 Tex.Cr.App. 226, 298 S.W.2d 171 (1957), we discussed Texas' former law which dealt with marihuana.[3] We there stated:

"We know that the use commonly made of marijuana is to smoke it in cigarettes; it is not taken internally or by hypodermic, as are other narcotics. Such being true, we have concluded that the reasonable construction and interpretation to be applied here is that the legislature intended that to constitute the unlawful act of possessing marijuana there must be possessed an amount sufficient to be applied to the use commonly made thereof. In other words, unless the amount of marijuana possessed is such as is capable of being applied to the use commonly made thereof, it does not constitute marijuana within the meaning of the statute." *Pelham v. State, supra* at 173, 298 S.W.2d at 173.

Unless we are willing to expressly overrule *Pelham* and hold that a single, nonsterilized marihuana seed capable of germination is a usable quantity of marihuana, there is no evidence that the appellant possessed a *usable quantity* of marihuana. See *Lejeune v. State,* 538 S.W.2d 775, 780 (Tex. Cr.App.1976) (Dissenting Opinion of Judge Odom); *Taylor v. State,* 505 S.W.2d 927 (Tex.Cr.App.1974). We decline the opportunity to overrule *Pelham.*

The trial judge abused his discretion in revoking the appellant's probation. The judgment is reversed and the cause remanded.

DOUGLAS, Judge, dissenting.

The majority incorrectly holds that the evidence is insufficient to show that appellant possessed a usable quantity of marihuana.

Article 4476–15, Section 1.02(17), V.A. C.S., defines marihuana as follows:

" 'Marihuana' means the plant Cannabis sativa L., whether growing or not; *the seeds thereof;* and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, *or its seeds.* However, it does not include . . . the sterilized seed of the plant which is incapable of germination." (Emphasis added).

In *Getters v. State,* 170 Tex.Cr.App. 331, 340 S.W.2d 806 (1960), the conviction was for the possession of marihuana under Article 725b of the former code. The evidence showed that two Houston police officers had found some marihuana seeds and 35 marihuana leaf fragments in defendant's apartment. The leaf fragments weighed .02 of a gram and would not have made a marihuana cigarette. It was unknown whether the seeds were viable.

On appeal, defendant contended that the evidence was insufficient to support the conviction because the 35 leaf fragments, by themselves, were not of sufficient quantity to make a marihuana cigarette and thus was not an amount sufficient to be applied to the use commonly made thereof. Reasoning that the leaf fragments together with the seeds were of sufficient quantity to make a marihuana cigarette, this Court held that the evidence was sufficient to

---

of; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, or its seeds. However, it does not include the resin extracted from any part of such plant or any compound, manufacture, salt, derivative, mixture, or preparation of the resin; nor does it include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture,

or preparation of the mature stalks, fiber, oil, or cake, or the sterilized seed of the plant which is incapable of germination."

Thus, it is not clear whether the seven seeds which did not germinate were sterilized and incapable of germination, and hence excluded from the definition of marihuana, or merely seeds and within the definition of marihuana.

3. Article 725b, Vernon's Ann.P.C.

meet the requirements set forth in *Pelham v. State,* 164 Tex.Cr.R. 226, 298 S.W.2d 171 (1957).

On the motion for rehearing in *Getters,* defendant argued that marihuana seeds were not commonly used for smoking and were to be excluded in determining whether the amount of marihuana was sufficient under *Pelham.* We rejected that contention and stated:

". . . However, the majority holding [in *Pelham* ] was upon the assumption that the only use commonly made of marihuana is to smoke it in cigarettes. The seed which are specifically included in the definition of marihuana and the plant Cannabis Sativa L. are not restricted to that use, though the officers testified they were so commonly used." 340 S.W.2d at 808.

Taking together Section 1.02(17), supra, and *Getters v. State, supra,* marihuana seeds are to be included in determining whether the evidence is sufficient to show a usable quantity of marihuana, and smoking marihuana in cigarettes is not the only use commonly made of the drug. The marihuana could have been placed in a pipe and smoked and thus could have been usable. It does not take a full marihuana cigarette to be smoked. Roach clips are used for smoking "roaches" or very small marihuana cigarette butts. If a butt can be smoked, it contains a usable amount.

In the instant case, a pipe containing the residue of smoked marihuana was found under the seat of appellant's automobile, and a "pink roach" was found in the ash tray. Marihuana fragments and seeds were found all over the car. Eight seeds were tested for viability and one germinated. At the request of the prosecutor, the chemist tested eight seeds. On the fourth day none had germinated. On the fifth day one germinated. Such viable marihuana seeds are usable in the growing of marihuana plants. Although the testimony presented by the State was ambiguous with respect to the number of seeds found in the car, it appears that more than eight were found. The marihuana particles found in the car weighed approximately .10 of a gram.

The State thus proved that twelve per cent of the seeds tested were viable and that some non-tested seeds apparently were scattered throughout appellant's automobile. These non-tested seeds could have been used in making a cigarette even if they were incapable of germination.

The evidence that appellant possessed almost .10 of a gram of marihuana fragments, without more, was sufficient to show possession of a usable quantity. Cf. *Tuttle v. State,* 410 S.W.2d 780 (Tex.Cr. App.1966) [63 milligrams of marihuana held sufficient]; *Rainey v. State,* 464 S.W.2d 865 (Tex.Cr.App.1971) [.02 grams of marihuana held sufficient]; *Mitchell v. State,* 482 S.W.2d 223 (Tex.Cr.App.1972) [.0074 grams of marihuana held sufficient]; and *Terrill v. State,* 531 S.W.2d 642 (Tex.Cr.App.1976) [1.48 grams held sufficient to show a usable quantity of marihuana]. In any event, the preponderance of the evidence of possession of both the marihuana fragments and the seeds was sufficient to show that appellant possessed a usable quantity of marihuana.

No abuse of discretion has been shown. The judgment should be affirmed.