**Jose A. CANTU**

v.

**STATE of Texas.**

**No. 04–87–00236–CR.**

Court of Appeals of Texas, San Antonio.

July 29, 1988.

Richard A. Gonzalez, Laredo, for appellant.

Julio Garcia, Dist. Atty., Laredo, for appellee.

Before REEVES, DIAL and CHAPA, JJ.

## OPINION

REEVES, Justice.

The appellant was convicted of aggravated possession of marijuana (possession of more than 50 pounds[1]) and sentenced to five years in prison. He argues that the trial court erred in: (1) admitting the marijuana he possessed because it was seized illegally; (2) not charging the jury on a lesser included offense; and (3) not charging the jury to determine the legality of the search. We affirm.

While patrolling at night on a section of road that lay within a mile of the Mexican border and was known as a dropoff point for smuggled drugs and aliens, Deputy Sheriff Garza observed the appellant and another person loading bundles into the trunk of an automobile. Deputy Garza parked his car behind the appellant's and, as he did so, the appellant closed the trunk's lid. The officer got out of his

---

1. TEX.REV.CIV.STAT.ANN. art. 4476–15, § 4.051(c) (Vernon Supp.1988).

vehicle carrying a shotgun, as he feared there might be others hiding in the brush, and asked the appellant and the juvenile what they were doing. They replied that they were waiting for a friend who worked at a nearby ranch. Deputy Garza called on his radio for assistance, and was joined within a few minutes by a Sergeant Gonzalez. The two officers then approached the appellant, the other person, and the vehicle and detected the strong odor of marijuana coming from the trunk. The appellant was asked for the key, and he replied that he didn't have one.

Sergeant Gonzalez examined the lock and discovered that it was broken and could be opened with a screwdriver. He got one from his patrol car, opened the trunk, and discovered over 90 pounds of marijuana packaged in cellophane. The appellant and his companion were arrested.

■ A search warrant is unnecessary where there is probable cause to search an automobile stopped on a highway because: (1) the car is movable, (2) the occupants are alerted, and (3) the car's contents may never be found again if a warrant must be obtained. *Chambers v. Maroney*, 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970). Therefore, the immediate search of such a car is constitutionally permissible. *Id.*

■ Ideally, an automobile about which there is probable cause to search should be immobilized until a magistrate is contacted and a warrant procured. *Id.* But there is little practical difference between seizing an automobile by immobilizing it and carrying out an immediate warrantless search of it. *Id.* at 52, 90 S.Ct. at 1981. If there is probable cause to search, either course may be followed. *Id.; Scott v. State*, 531 S.W.2d 825, 827 (Tex.Crim.App.1976).

■ Here, the officers had more than sufficient probable cause to search the vehicle: its location, the time of day, the difference between what Deputy Garza saw and what the appellant and his associate said they were doing, and the strong smell of marijuana emanating from the trunk. The officers were justified in searching the trunk.

■ The appellant complains in his second point of error of the trial court's refusal to give the jury the statutory definition of marijuana,[2] and charge it on the lesser included offense of possession of 5 to 50 pounds of marijuana.[3] The definition provides, in part, that sterilized marijuana seeds that are incapable of germination are not considered marijuana. He was entitled to the definition and instruction, argues the appellant, because the Department of Public Safety chemist who verified that the contraband seized was indeed marijuana testified that marijuana seeds were mixed in with the contraband and that he didn't know whether those seeds were sterilized or not. Therefore, argues the appellant, there was evidence that he possessed less than 50 pounds of marijuana and was guilty only of that offense.

Besides the testimony cited by the appellant, the chemist also testified that the total weight of the contraband seized was 97 pounds, including wrappings and seeds. He estimated that the wrappings weighed a maximum of 5 pounds and the seeds 3. Taking that into account, there was no reason to give the instructions in question because there was no question that the appellant possessed significantly more than 50 pounds of marijuana. The case cited by the appellant, *Getters v. State*, 170 Tex. Cr.R. 331, 340 S.W.2d 806 (1960), is not on point because the issue there was whether Getters possessed a usable amount of marijuana and the viability of the seeds, which were a substantial portion of the contraband seized, was an important question. The appellant's second point of error is overruled.

■ The appellant argues in his last point of error that the trial court violated TEX.CODE CRIM.PROC.ANN. art. 38.-23(a) (Vernon Supp.1988) by not charging the jury to not consider the marijuana seized from his car's trunk if they found

---

2. TEX.REV.CIV.STAT.ANN. art. 4476–15, § 1.02(24) (Vernon Supp.1988).

3. *Id.* at § 4.051(b)(4).

that the officers lacked probable cause to search. Article 38.23(a) reads:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or the Constitution or law of the United States of America, shall be admitted into evidence against the accused on the trial of any case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

A charge under art. 38.23(a) is not required if the facts and circumstances are such that probable cause to search existed so as a matter of law. *Davis v. State,* 474 S.W.2d 466, 469 (Tex.Crim.App.1971). Article 38.23(a) only applies where there are disputed fact issues concerning an officer's right to search. *Jones v. State,* 493 S.W.2d 933, 936 (Tex.Crim.App.1973). If there is no fact issue regarding the legality of a search, its legality is a matter of law to be decided by the trial court. *Campbell v. State,* 492 S.W.2d 956, 958 (Tex.Crim.App. 1973).

Here, unlike the case cited by the appellant, *Washington v. State,* 663 S.W.2d 506 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd), there were no contested fact issues concerning the events that led up to the search of appellant's car's trunk. Therefore, there was no issue for the jury to decide and no reason to submit the requested charge to it. The appellant's final point of error is overruled.

The trial court's judgment is affirmed.