Caldwell v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-232-CR

     GARY LEN CALDWELL,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 272nd District Court
Brazos County, Texas
Trial Court # 20,917-272
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted Gary Caldwell of possession of a controlled substance, cocaine, and assessed
punishment at sixty-nine years. On appeal, Caldwell has four points of error. He argues that the
court erred in allowing the State to use a chart during voir dire to illustrate the enhanced range of
punishment resulting from prior convictions. Second, he contends the court should have submitted
an instruction on whether the arresting officer had probable cause to arrest him. He also alleges
that the court erred in admitting into evidence a "pen packet" used for enhancement purposes
during the punishment phase of the trial. In his final point, Caldwell argues that the court erred
in denying a mistrial after an objection was sustained during closing argument on punishment. We
affirm.
      Bryan police officers approached Caldwell after observing his involvement in a drug
transaction. They arrested him after seeing him drop a bag of crack cocaine. A Brazos County
grand jury indicted Caldwell for the possession of a controlled substance. The indictment also
alleged two prior convictions for enhancement.
      In his first point, Caldwell complains about the court allowing the prosecution to use a chart
during voir dire showing successive increases in the minimum range of punishment that could be
assessed based on the number of prior convictions. He argues that the chart informs the jury of
the prior convictions contained in the indictment.
      Error results when the enhancement paragraphs in the indictment are disclosed to the jury
before the hearing on punishment is held. Tex. Code Crim. Proc. Ann. art. 36.01 (Vernon
1987); Frausto v. State, 642 S.W.2d 506, 508 (Tex. Crim. App. 1982). However, both parties
have the right to question the jury and inform the potential jurors during voir dire of the ranges
of punishment available during the sentencing phase of the case if enhancement circumstances are
proved by the state. Id. Counsel may not, however, go into specific allegations during voir dire
of the prior convictions of the defendant. Frausto, 642 S.W.2d at 509. Allowing counsel to
explain the potential ranges of punishment is the best method of deciding which jurors should be
struck peremptorily for possible bias during the punishment phase of the trial, if a party decides
to strike jurors for that reason. Bevill v State, 573 S.W.2d 781, 783 (Tex. Crim. App. 1978)
      The record does not reflect that the prosecutor mentioned Caldwell's prior convictions during
voir dire. We find no error from the court allowing the prosecution to use a chart during voir dire
to illustrate the effect of prior convictions on the minimum range of punishment when the
defendant's prior convictions are not discussed or disclosed. We overrule point one.
      In his second point, Caldwell complains about the failure to give a probable-cause instruction
in the charge. See Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 1991). Caldwell asserts
that the evidence raises a question of the existence of probable cause to arrest, entitling him to a
jury instruction that the evidence obtained as a result of the search following his arrest should not
be used if the jury believes the arrest occurred with no probable cause.
      The accused has a right to have the jury instructed on any defensive issue, such as an article
38.23 instruction, raised by the evidence, whether that evidence is strong or weak, unimpeached
or contradicted. Miller v. State, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991). The court must
include a probable-cause instruction in the charge only if there are disputed fact issues concerning
an officer's right to search or how the evidence was obtained. Thomas v. State, 723 S.W.2d 696,
707 (Tex. Crim. App. 1986); Murphy v. State, 640 S.W.2d 297, 299 (Tex. Crim. App. 1982). 
An instruction on probable cause is not required, however, if the evidence shows that facts and
circumstances existed to establish there was probable cause as a matter of law. Davis v. State, 474
S.W.2d 466, 469 (Tex. Crim. App. 1971). If there is no fact issue regarding the legality of a
search, it is a question of law and thus one the court decides. Campbell v. State, 492 S.W.2d 956,
958 (Tex. Crim. App. 1973); Cantu v. State, 754 S.W.2d 512, 515 (Tex. App—San Antonio
1988, no pet.). 
      Seizure of abandoned property without a warrant does not violate the Fourth Amendment of
the United States Constitution, unless police use inappropriate procedures in obtaining the
evidence. California v. Hodari, U.S. , 111 S.Ct. 1547, 1550, 113 L.Ed.2d 690, (1991);
Abel v. United States, 362 U.S. 217, 241, 80 S.Ct. 683, 698, 4 L.Ed.2d 668 (1960); Comer v.
State, 754 S.W.2d 656, 659 (Tex. Crim. App. 1986). Abandonment consists of two components:
first, an intent to abandon the property, and, second, the decision to abandon must be freely made,
not the result of police misconduct. Comer, 754 S.W.2d at 659. When contraband is thrown,
dropped, or placed away from the accused in a public place, abandonment occurs. Washington
v. State, 810 S.W.2d 313, 314 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). To resolve
abandonment, one must determine whether the accused voluntarily abandoned the property
independent of any police misconduct. Comer, 754 S.W.2d at 659.
      Caldwell clearly abandoned the property in this case. The officers witnessed what they
determined from their experience and training to be a drug transaction. As they approached the
group, they observed Caldwell throw the "baggy" of cocaine to the ground. There is no evidence
of misconduct on the part of the police. Thus, when officer Thane recovered the cocaine, the
seizure did not violate the Fourth Amendment. Consequently, there is no fact issue on the validity
of the search, and the court properly denied Caldwell's request for an instruction under article
38.23. We overrule the second point.
      Caldwell contends in his third point that the court erred by overruling his objection to a pen
packet admitted into evidence during the sentencing phase of the trial. The exhibit was admitted
in complete and redacted forms over several objections. The theme of all the objections was that
the pen packet contained orders revoking probation and that these orders contained the
circumstances surrounding the revocation of probation. 
      An order revoking probation must be included in a pen packet before a sentence of probation
may be counted as a final conviction for enhancement purposes. Elder v. State, 677 S.W.2d 538,
539 (Tex. Crim. App. 1984). Although a revocation order must be included in the pen packet,
the conditions and circumstances leading to the revocation are not to be included as part of the
prior criminal record for enhancement purposes. Brown v. State, 667 S.W.2d 630, 634 (Tex.
App.—Ft. Worth 1984), aff'd, 692 S.W.2d 497 (Tex. Crim. App. 1985).
      In looking at the final form of the exhibit as admitted and submitted to the jury, we find no
specific acts, grounds or circumstances present regarding the violations leading to revocation of
probation. We overrule point three.
      Caldwell asserts in his fourth point that the court erred in denying his motion for a new trial
because of improper jury argument in the sentencing phase of the trial. During closing argument,
the State misstated when Caldwell was convicted of a prior crime to be used to enhance his
punishment, saying it occurred while he was "on parole" instead of when he was an inmate in
prison. Caldwell moved for a mistrial after the judge sustained his objection and instructed the
jury to disregard the statement of the prosecutor.
      An instruction to disregard is presumed to cure most errors. Logan v. State, 698 S.W.2d 680,
682 (Tex. Crim. App. 1985). When an instruction is given and the court denies the defendant's
motion for mistrial, error results only when the argument is extreme, manifestly improper, injects
new and harmful facts into the case or violates a mandatory statutory provision, and is so
inflammatory that its prejudicial effect cannot be reasonably expected to be removed from the
jurors' minds by the instruction to disregard. Johnson v. State, 698 S.W.2d 154, 167 (Tex. Crim.
App. 1985), cert. denied, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); Hernandez v.
State, 819 S.W.2d 806, 820 (Tex. Crim. App. 1991); Logan v. State, 698 S.W.2d 680, 682 (Tex.
Crim. App. 1985). If an instruction can be said to remove the prejudicial effect of the improper
argument, no error results from the overruling of a motion for mistrial. Hernandez, 819 S.W.2d
at 820.
       A misstatement of when Caldwell's prior conviction occurred was improper argument. 
However, the instruction to disregard removed any prejudicial effect from the minds of the jurors;
the court did not err when it denied Caldwell's motion for mistrial. We overrule his fourth point
and affirm the judgment.
 
                                                                         BOB L. THOMAS
                                                                         Chief Justice
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed April 21, 1993
Do not publish