COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




DANIEL BURMEISTER


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00215-CR
 


Appeal from the


County Court at Law No. 7


of El Paso County, Texas 


(TC# 20040C14390) 



O P I N I O N


 Daniel Burmeister appeals his conviction for possession of marijuana, under two ounces. 
He was convicted by a jury and sentenced to 180 days in jail, probated for 18 months, and
ordered to pay $1,000 in fines, in which $250 was probated. Appellant raises three issues on
appeal, challenging the legal and factual sufficiency of the evidence supporting his conviction. 
We affirm.

 On October 1, 2004, El Paso Police Department Officer Roger Lozano was monitoring
pedestrian traffic returning to El Paso over the Paso Del Norte bridge from Juarez, Mexico. At
1:50 a.m., Officer Lozano noticed a car enter the parking lot where he was posted. The car was
moving, "at a good rate of speed," especially considering the heavy pedestrian traffic in the area. 
As it approached, Officer Lozano used a flashlight to signal the driver. The driver ignored the
officer's signal and he made a sudden left turn, missing the officer by ten to fifteen feet. There
was no exit where the car was headed, and the officer waited for it to return and he signaled the
driver to stop.

 The officer walked up to the car and asked Appellant, the driver, "Hey, what's your
problem? Didn't you see me?" Appellant did not respond initially. According to Officer
Lozano, Appellant seemed confused. The officer asked for Appellant's driver's license. As
Appellant searched for identification, the officer detected the smell of alcohol coming from
inside the car. He then asked Appellant to step out of the vehicle. Appellant did so, but he
moved slowly and had used the car for support. Officer Lozano called the El Paso DWI task
force to perform field sobriety testing.

 Officer David Perea, of the El Paso Police Department DWI Task force, arrived a short
time later. It was then about 2 a.m. Officer Perea noticed that Appellant was wearing
sunglasses. Officer Perea asked Appellant about the glasses, and Appellant explained that they
were prescription. As the officer spoke with Appellant, he noticed a strong smell of alcohol on
the man's breath. Officer Perea asked Appellant to take off his sunglasses, and testified that
Appellant's eyes were bloodshot. The officer also described Appellant's speech as slurred and 
that he was unsteady on his feet.

 Officer Perea administered three field sobriety tests: the horizontal gaze nystagmus
(HGN) test; the walk and turn test; and the one-leg stand test. According to the officer, 
Appellant exhibited four of the possible six indicators of intoxication during the HGN test. 
During the walk and turn test, Officer Perea stated that Appellant could not maintain his balance
as he listened to the officer's instructions, and was not able to touch his heal to his toe while
walking. Out of eight possible clues, Officer Perea observed four. On the one-leg stand test,
Appellant was not able to balance without using his arms. He also hopped and put his foot down
four times during the test. Officer Perea recorded the Appellant exhibited three of the four
possible clues during the one-leg stand. Based on Appellant's performance on the sobriety tests,
Officer Perea concluded that he was intoxicated and placed him under arrest.

 El Paso Police Officer Carlos Lopez also responded to Officer Lozano's call for
assistance. Officer Lopez arrived and began to inventory the contents of Appellant's car
following his arrest. When Officer Lopez entered the vehicle to begin the inventory, he smelled
a strong odor, which through his experience and training, he recognized to be burned marijuana. 
He found the ends of several cigarettes in the vehicle's ashtray. El Paso Police Department
Forensic Chemist Arturo Herrera later tested the substance in the cigarettes and determined the
cigarette butts contained 1.39 grams, or .05 ounces of marijuana. According to Officer Herrera,
.05 ounces is a "useable" amount of marijuana.

 Appellant was convicted by a jury of possession of marijuana, less than two ounces. (1) See
Tex.Health & Safety Code Ann. § 481.121(b)(1)(Vernon 2003). He was sentenced to 180
days in jail, probated for 18 months, and ordered to pay $1,000 in fines, in which $250 was
probated. Appellant raises three issues for review, challenging the legal and factual sufficiency
of the evidence in support of his conviction.

 In Issues One and Two, Appellant contends that the evidence is legally and factually
insufficient to support his conviction due to a lack of evidence supporting the legality of
Officer's Lozano's investigative stop. In essence, this argument is a challenge to the legal and
factual sufficiency of the evidence in support of the jury's implied finding, submitted under
Article 38.23(a) of the Texas Code of Criminal Procedure, that Officer Lozano had reasonable
suspicion to stop and detain Appellant. (2)

 A factual sufficiency review is only appropriate to address the sufficiency of the State's
proof of the elements of the charged offense. Hanks v. State, 137 S.W.3d 668, 672 
(Tex.Crim.App. 2004). Resolution of a fact issue pursuant to an Artice 38.23 instruction is
question of what evidence the jury will consider in determining guilt, it does not address the
factual sufficiency of the evidence in support of the essential elements of the charged offense. 
See Hanks, 137 S.W.3d at 671. In other words, a factual sufficiency review is only appropriate
regarding the State's proof of the elements of the offense, not the jury's implied finding of facts
supporting reasonable suspicion. Hank, 137 S.W.3d at 672. Similarly, because a legal
sufficiency review is also limited to the essential elements of the offense, the 38.23 instruction
cannot be used to measure the legal sufficiency of the evidence. See Malik v. State, 953 S.W.2d
234, 240 (Tex.Crim.App. 1997).

 To convict a defendant of possession of marijuana, under two ounces according to
Section 481.121 of the Texas Health & Safety Code, the prosecution must prove beyond a
reasonable doubt that the defendant knowingly or intentionally possessed a "usable" amount of
marijuana. See Tex.Health & Safety Code Ann. § 481.121(a). The presence or absence of
reasonable suspicion is not an element of the offense charged in this case. See id.; Hanks, 137
S.W.3d at 671, quoting Caddell v. State, 123 S.W.3d 722 (Tex.App.--Houston [14th Dist.] pet.
ref'd)(whether or not evidence was illegally obtained is not an element of the offense, and
therefore not subject to a sufficiency review). Because Appellant does not address the evidence
supporting the elements of the offense as defined in the Texas Health and Safety Code, there is
nothing to address as to his challenges to the sufficiency of the evidence in Issues One and Two. 
Issues One and Two are overruled.

 In Issue Three, Appellant argues that the evidence that a "usable" amount of marijuana
was found in his vehicle is legally and factually insufficient. In reviewing the legal sufficiency of
the evidence, we must view the evidence in the light most favorable to the verdict to determine
whether an rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560
(1979); Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex.Crim.App. 2005). The sufficiency of
the evidence is measured by the elements of the offense as defined by the hypothetically correct
jury charge for the case. Malik, 953 S.W.2d at 240. The reviewing court may not re-evaluate the
weight and credibility of the evidence, nor may we substitute our own judgment for that of the
fact finder. King v. State, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). Any inconsistencies in
the evidence are resolved in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406
(Tex.Crim.App. 2000).

 In contrast, a factual sufficiency review requires that we consider all the evidence in a
neutral light to determine whether the jury was rationally justified in finding guilt beyond a
reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004), overruled on
other grounds by Watson v. State, 204 S.W.3d 404 (Tex.Crim.App. 2006). Evidence is factually
insufficient if the evidence supporting the verdict, considered by itself, is too weak to support the
finding of guilt beyond a reasonable doubt. Zuniga, 144 S.W.3d at 484-85. Again, however, our
evaluation of the record must not intrude upon the fact finder's role as the sole judge of witness
credibility and weight to be given testimony. See Cain v. State, 958 S.W.2d 404, 407
(Tex.Crim.App. 1997). We will not set aside a judgment unless the evidence supporting the
verdict is so weak as to be clearly wrong and manifestly unjust. Zuniga, 144 S.W.3d at 481.

 A "usable" amount of marijuana has been defined as, "an amount sufficient to be applied
to the use commonly made thereof." Moore v. State, 562 S.W.2d 226, 228 (Tex.Crim.App. 
1977), quoting Pelham v. State, 164 Tex.Crim. 226, 298 S.W.2d 171, 173 (Tex.Crim.App. 
1957). Marijuana is commonly used in cigarettes or pipes, for smoking. See Lejeune v. State,
538 S.W.2d 775, 780 (Tex.Crim.App. 1976).

 Appellant argues that the evidence is insufficient to support a finding that he was in
possession of a "usable amount" of marijuana because the State's forensic chemist testified that
only .02 grams of the substance found in Appellant's vehicle was tested and identified as
marijuana. At trial, the sample was described as, "one little leaf." However, the chemist also
testified that the sample he tested was taken from a combination of the contents of all the
cigarette remains collected from Appellant's car. Officer Herrera, also testified that the 1.39 
grams of contents he took out of the cigarette butts was a "usable quantity." We cannot interfere
with the jury's role as the sole judge of credibility and weight to be given testimony. See King,
29 S.W.3d at 562. From the totality of Officer Herrera's testimony, the jury could reasonably
have inferred that all of the substance found in Appellant's vehicle was marijuana. Therefore,
having reviewed the evidence in the light most favorable to the verdict, we hold that a rational
trier of fact could find that Appellant was in possession of a "usable" amount of marijuana
beyond a reasonable doubt. In addition, after a neutral review of the evidence, we hold that the
jury was rationally justified in finding guilt beyond a reasonable doubt. Issue Three is overruled.

 Having overruled all of Appellant's issues, we affirm the conviction. 



January 31, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. Appellant was also charged with and convicted of driving while intoxicated. See Tex.
Pen.Code Ann. § 49.04 (Vernon 2003). He has appealed that conviction in a companion to this
case. See Burmeister v. State, 08-06-00218-CR (Tex.App.--El Paso Jan. 31, 2008, no pet. h.).
2. The court's charge included the following Article 38.23 instruction:


 You are instructed that under our law no evidence obtained or derived by
an officer or other person as a result of an unlawful stop and detention shall be
admissible in evidence against such accused. An officer is permitted to make a
temporary investigative detention of a motorist if the officer has specific
articulable facts, which taken together with rational inferences from those facts,
lead them to conclude that a person detained actually is, has been, or soon will be
engaged in criminal activity.

 Now, bearing in mind, if you find from the evidence that on the occasion
in question the officer did not have a reasonable suspicion of criminal activity
immediately preceding his stop and detention by the officer herein or you have a
reasonable doubt thereof, then such stopping of the accused would be illegal. 
Furthermore, if you find the facts to be so, or if you have a reasonable doubt
thereof, you will disregard the testimony of the officer relative to his stopping of
the Defendant and his conclusion drawn as a result thereof and you will not
consider such evidence for any purpose whatsoever and you must therefore acquit
the Defendant, and find him not guilty on both cases.


See Tex.Code Crim.Proc.Ann. art. 38.23(a)(Vernon 2005).