Opinion
issued December 9, 2010

 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-09-00903-CR & 01-09-00904-CR

———————————

Lawrence Howard White, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 232nd District Court

Harris County, Texas



Trial Court Case No. 1191413 & 1200812

 



 

MEMORANDUM OPINION

          Appellant
Lawrence Howard White appeals the trial court’s adjudication of his guilt in
two cases—burglary of a habitation and
robbery.[1]  The trial court assessed his punishment at
five years in prison on each case, and ordered the sentences to run
concurrently.  Appellant’s single issue
asserts that the court abused its discretion.  
We affirm.

Background

          On June 10, 2009, appellant pled guilty to robbery and
burglary of a habitation pursuant to a plea agreement.  Adjudication of his guilt in both cases was
deferred for five years and he was placed on community supervision in both
cases.  His conditions of community
supervision required that he not commit any offense against the law of this
state, that he “[a]void injurious or vicious habits,” that he not “use,
possess, or consume . . . marijuana,” and that he “work faithfully at suitable
employment and present written verification of employment (including all efforts
to secure employment)” to his community supervision officer on each reporting
date. 

          Less
than three months later, the State filed motions to adjudicate in both cases,
alleging that appellant had violated the conditions of his supervision by 

(1)     possessing less than two
ounces of marijuana on or around August 22, 2009;

 

(2)     testing positive for
marijuana on June 10, 2009, June 26, 2009, July 9, 2009, and July 29, 2009; and

 

(3)     failing to provide proof
of employment for the months of June 2009 and July 2009.

 

          At the
October 8, 2009 hearing on these motions, appellant pled not true to all the
allegations.  The State put on three
witnesses—Elmer
Melgar, the custodian of records for the community supervision office as to
appellant’s records, who testified to the results of appellant’s drug screens
and to appellant’s lack of proof of employment and/or his efforts to find same
in June and July 2009; Kenneth Taylor, a peace officer with Harris County
Precinct 4, who testified about his arrest of appellant on August 22, 2009 and
confiscation of a baggie of marijuana from appellant, and who sponsored the
admission of the actual seized marijuana; and Kay McClain, a forensic chemist
with the Harris County Medical Examiner’s Office, who testified that the marijuana
weighed 0.11 ounces.  

Appellant testified in his own
defense and claimed the positive marijuana tests resulted from his having smoking
marijuana before being placed on community supervision and that later tests
were negative; that on August 22, 2009, he had no marijuana and Taylor must
have planted it on him; that he had found a job, but had been incarcerated
before he could start working; and that he had made efforts to find a job and
had told his probation officer about his efforts.  Appellant’s witnesses were Chantelle Payne,
his fiancé, who spoke to their life together and appellant’s efforts to change
his life; appellant’s mother, Shirley Ann White, who related his general good
behavior and attempts to work and find work; and appellant’s pastor and the
father of his fiancé, Reverend Lonnie T. Hearn, who testified that he would
help appellant to stay “in the Christian path” and continue doing the positive
things that he was doing. 

          At the
conclusion of the hearing, the trial court found that all three allegations
were true, revoked appellant’s community supervision, adjudicated his guilt in
both cases, and sentenced him to five years in prison in each case with the
sentences to run concurrently. 

DISCUSSION

          In his sole issue, appellant contends
that the trial court abused its discretion in adjudicating his guilt because
insufficient evidence was presented to support any of the violations of
community supervision alleged.

 A trial court’s decision
to adjudicate guilt “is reviewable in the same manner as a revocation hearing
conducted under Section 21 of this article in a case in which an adjudication
of guilt had not been deferred.”  Tex. Code Crim. Proc. Ann. art. 42.12 §
5(b) (Vernon Supp. 2010).   A motion to
adjudicate proceeding is an administrative hearing, not a criminal or civil
trial; the State is required to prove, by a preponderance of the evidence, that
at least one condition of community supervision has been violated in order for
the motion to be granted.  See Cobb v. State, 851 S.W.2d 871, 873
(Tex. Crim. App. 1993) (discussing revocation hearings); Canseco v. State, 199 S.W.3d 437, 438–39
(Tex. App.—Houston [1st Dist.] 2006, pet. ref’d) (same).  This standard is met when
the greater weight of the credible evidence creates a reasonable belief that a
defendant violated a condition of his community supervision.  See Rickels
v. State, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006).  The trial court is the exclusive judge of the
credibility of the witnesses and determines if the allegations in the motion to
revoke are true.  Canseco, 199 S.W.3d at 439. 
Proof of a single violation is sufficient to support the trial court’s
decision.  Id. 
Our review on appeal is limited to determining whether the trial court
abused its discretion in making its decision. 
See Rickels, 202 S.W.3d at
763.  Our review must regard the evidence
in the light most favorable to the trial court’s decision.  Garrett
v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

 Appellant challenges
the trial court’s determination of all three allegations in the motions to
adjudicate.   His challenge to the proof that he committed
the offense of possession of marijuana is solely based on his contention that
there was insufficient evidence that the 0.11 ounces of marijuana seized from
him was a “usable quantity.”  See Tex.
Health & Safety Code Ann.

 

 § 481.121(a) (Vernon
2010) (providing that person commits an offense if he knowingly or
intentionally possesses usable amount
of marijuana); Lejeune v. State, 538
S.W.2d 775, 777–78 (Tex. Crim. App. 1976). 
Appellant argues that, since neither the officer nor the chemist
testified that the marijuana seized was a “usable quantity,” the State failed
to meet its burden to prove, by a preponderance of the evidence, that appellant
committed the offense of possession of less than two ounces of marijuana.

A “usable quantity” of marijuana is “an amount sufficient to
be applied to the use commonly made thereof.” Moore v. State, 562 S.W.2d 226, 228 (Tex. Crim. App. 1977) (quoting
Pelham v. State, 164 Tex. Crim. 226,
298 S.W.2d 171, 173 (Tex. Crim. App. 1957)).  We have noted that this means there must
be “enough marijuana to roll into a cigarette or smoke in a pipe.”  See
Williams v. State, No. 01-08-00936-CR, 2010 WL 2220586, at *8 (Tex.
App.—Houston [1st Dist.] June 3, 2010, pet. filed on other grounds) (not
designated for publication) (quoting Kimberlin
v. State, No. 05-02-02020-CR, 2004 WL 1110523, at *1–2 (Tex. App.—Dallas
May 19, 2004, no pet.) (not designated for publication).

Whether a particular amount of marijuana is a “usable
quantity” can be proven by circumstantial evidence or inferences may be drawn
from the amount of marijuana possessed.  State v. Perez, 947 S.W.2d 268, 271 n.6 (Tex. Crim. App.
1997).  Here, the marijuana was admitted as
evidence at the adjudication hearing. 
The trial court had the opportunity to view it, examine it, and
determine whether it was a sufficient quantity to be smoked.  See our
discussion in Williams, 2010 WL 2220586, at *9, *10 (holding that officers’
testimony was not only evidence that marijuana was “usable quantity;” noting
that, because marijuana was introduced into evidence, factfinder was able to
examine it to determine whether it was usable amount); see also Kimberlin, 2004 WL 1110523, at *1–2 (discussing holdings
from Court of Criminal Appeals and intermediate appellate courts finding
evidence sufficient to prove “usable quantity” in absence of any direct
testimony, and interpreting such cases to mean that there is no specific
quantity that constitutes legal standard for determining “usable quantity” and
that if factfinder is able to examine actual marijuana found in defendant’s
possession, factfinder can determine whether or not it was “usable quantity”).  Additionally, a court may take judicial
notice that a certain amount of marijuana is a usable amount.  See Cooper
v. State, 648 S.W.2d 315, 316 (Tex.
Crim. App. 1983).  Amounts far less than 0.11
ounces[2]
have been established as “usable” quantities of marijuana sufficient to support
a conviction.  See Terrill v. State, 531
S.W.2d 642, 643 (Tex. Crim. App. 1976) (1.48 grams or 0.05 ounces); Mitchell v. State, 482 S.W.2d 223, 225
(Tex. Crim. App. 1972) (0.0074 grams); Tuttle
v. State, 410 S.W.2d 780, 782 (Tex. Crim. App. 1966) (op. on reh’g) (0.063
grams).  

The introduction the marijuana at the hearing provided
sufficient evidence for the trial court to determine, by a preponderance of the
evidence, that appellant possessed a “usable quantity” of marijuana.  Because the greater weight of the credible
evidence created a reasonable belief that appellant violated a condition of his
community supervision, see Rickels, 202
S.W.3d at 764, the trial court did not abuse its discretion in adjudicating
appellant’s guilt.  See Canseco, 199 S.W.3d at 439 (holding that proof of single
violation sufficient to support trial court’s decision to revoke).

We overrule appellant’s sole issue.

Conclusion

          We affirm the judgment of the trial
court in each cause.

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel
consists of Justices Jennings, Alcala, and Sharp.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]           Trial court cause number 1191413/appellate
court cause number 01-09-00903-CR (burglary of a habitation); trial court cause
number 1200812/appellate court cause number 01-09-00904-CR (robbery).





[2]           One ounce equals 28 grams; 0.11
ounces equals 3.11844 grams.