**Affirmed and Memorandum Opinion filed April 18, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00296-CR

---

### JEREMY JERONE JOHNSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Court at Law
Washington County, Texas
Trial Court Cause No. 2020-0060**

---

## MEMORANDUM OPINION

Appellant Jeremy Jarone Johnson appeals his conviction for possession of marijuana in an amount of two ounces or less, a Class B Misdemeanor. *See* Tex. Health & Safety Code Ann. § 481.121(b)(1). We affirm.

### BACKGROUND

Corporal Edward Ortega of the Brenham Police Department was on night patrol duty when he saw a car driving without its taillights. Ortega, intending to

give the driver a warning, pulled the car over. The traffic stop was recorded by Ortega's body camera and cameras in his police vehicle. Ortega approached the car, driven by appellant, where he smelled marijuana. Ortega also noticed ashes on appellant, which appellant explained were from a cigarette. At this point, Ortega discovered that appellant's taillights were not malfunctioning, they had just not been turned on. When Ortega performed a warrant check, he discovered appellant had an outstanding arrest warrant for assault. Ortega took appellant into custody, placed him in handcuffs, and did a weapons search.

Ortega then placed appellant into the back of his police vehicle to transport appellant to the local jail. While driving appellant to the jail, Ortega again informed appellant that he smelled marijuana. Ortega also observed appellant in the back seat, still in handcuffs, reaching for something on his left side.

When they arrived at the jail, Ortega testified that he turned off his video cameras, and then performed an additional, more thorough, search on appellant before appellant was taken inside the jail. Ortega further testified that he discovered a plastic baggy containing marijuana in appellant's front left pocket during this search. Appellant was taken into custody and charged with possession of less than two ounces of marijuana.

Appellant went to trial before the bench. Ortega testified about the traffic stop and searches as described above. Ortega then explained that he took the baggy and its contents to the Brenham Police Department station where he weighed and field-tested the substance inside the baggy. According to Ortega, the field-testing established that the plant material inside the baggy was marijuana. The Brenham Police shipped the plant material to a forensic laboratory in Arlington, Texas using Fed Ex ground transport.

Once the plant material arrived at the laboratory, it was weighed. The

laboratory determined that the plant material, which consisted of two buds, weighed 1.3 grams or .04 ounces. After the forensic testing, which consumes some of the tested material, the plant material weighed .54 grams or .02 ounces. The testing laboratory initially used a microscope to establish that the plant material was cannabis sativa L. or marijuana. *See* Tex. Health & Safety Code Ann. § 481.002(26) (defining marijuana as the plant cannabis sativa L.). The lab also subjected the marijuana buds to gas chromatography testing which determined that the delta 9 THC levels were sufficient for the plant material to be classified as marijuana and not hemp under Texas law.

Appellant chose to testify during his trial. Appellant denied he had marijuana in his pocket the night he was arrested. Appellant testified that Ortega did not search him at the jail. Instead, appellant testified that two jailers removed him from Ortega's police vehicle, took him inside the building, where they stood him with his hands against the wall for a search. According to appellant, during the search, one of the jailers asked "Oh, what do we have here?" The jailer then handed a baggy to Ortega. Appellant claimed that was the first time he had seen the baggy and again denied that he had anything in his pocket that night. The search by the jailers was not recorded.

During his closing argument, appellant pointed out the chain of custody and the fact the evidence was shipped by a commercial carrier to the testing laboratory and was handled by unknown persons. Appellant argued this created reasonable doubt that the plant material admitted into evidence during the trial was the same plant material found the night appellant was taken into custody. Appellant also argued that the fact Ortega did not find the baggy during the initial search at the traffic stop, and the lack of a video of the jail house searches, created reasonable doubt whether the State met their burden to prove appellant possessed less than

3

two ounces of marijuana the night of the traffic stop.

The trial court found appellant guilty as charged. The parties then agreed on appellant's punishment. Based on this agreement, the trial court sentenced appellant to serve 180 days in jail, probated for eighteen months. The trial court then reduced the agreed fine from $750.00 to $400.00. This appeal followed.

## ANALYSIS

In a single issue, appellant argues that the evidence was legally insufficient to prove beyond a reasonable doubt that he possessed a usable quantity of marijuana.

## I.      Standard of Review

When reviewing the evidence to support a conviction, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *Tatro v. State*, 580 S.W.3d 740, 743 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Direct and circumstantial evidence are treated equally. *Sharif v. State*, 640 S.W.3d 636, 642 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). Additionally, circumstantial evidence alone can be sufficient to establish guilt. *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018). During a bench trial, the trial court is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Tatro*, 580 S.W.3d at 743. When conducting a legal sufficiency review, we may not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder.

4

*Arroyo v. State*, 559 S.W.3d 484, 487 (Tex. Crim. App. 2018). "A court's role on appeal is restricted to guarding against the rare occurrence when the factfinder does not act rationally." *Id.*

**II.    There is legally sufficient evidence that appellant possessed a usable quantity of marijuana.**

Under the Texas Health and Safety Code, a person commits an offense if the person "knowingly or intentionally possesses a usable quantity of mari[j]uana." Tex. Health & Safety Code Ann. § 481.121(a). What qualifies as a usable quantity is not statutorily defined, but the Texas Court of Criminal Appeals has stated that for marijuana to be a "usable amount," there must be "an amount sufficient to be applied to the use commonly made thereof." *Moore v. State*, 562 S.W.2d 226, 228 (Tex. Crim. App. 1977) (internal quotation marks omitted). An officer's testimony is sufficient to establish that a substance is marijuana. *See Smith v. State*, 620 S.W.3d 445, 455 (Tex. App.—Dallas 2021, no pet.) (summarizing cases reaching this conclusion). Whether a particular amount of marijuana is a usable quantity can be proven by circumstantial evidence. *Id.* (citing *State v. Perez*, 947 S.W.2d 268, 271, n.6 (Tex. Crim. App. 1997)). A factfinder may also infer the existence of a usable quantity of marijuana from other evidence admitted during a defendant's trial. *Perez*, 947 S.W.2d at 271 n.6.

On appeal, appellant argues the evidence is legally insufficient because there was no direct evidence admitted during appellant's trial that the amount found in appellant's pocket was a usable amount as required by statute. *See* Tex. Health & Safety Code Ann. § 481.121(a) (providing that a person commits an offense if the person "knowingly or intentionally possesses a usable quantity of mari[j]uana."). While direct evidence on whether the amount at issue in a case qualifies as a usable amount may be the best practice, it is not required. *See Perez*,

5

947 S.W.2d at 271 n.6 (stating factfinder may infer existence of usable quantity of marijuana from other admitted evidence); *Smith*, 620 S.W.3d at 455 (stating usable quantity can be proven by circumstantial evidence).

Next, appellant points out that the Court of Criminal Appeals has held that trial courts can take judicial notice or infer that possession of one fourth ounce of marijuana is a usable amount. *See Carmouche v. State*, 540 S.W.2d 701, 702 (Tex. Crim. App. 1976) (stating Legislature recognized one fourth ounce of marijuana qualified as a usable amount); *Lejeune v. State*, 538 S.W.2d 775, 778 (Tex. Crim. App. 1976) ("Our holding today does not draw a boundary line between quantities of mari[j]uana below a quarter of an ounce of mari[j]uana which in the future could properly be judicially noticed or inferred as a 'usable quantity' and those which could not."). He then points out that the amount at issue here is significantly less than one fourth ounce of marijuana. Appellant's argument continues by pointing out that section 481.002(26) of the Health and Safety Code exempts from the definition of marijuana certain specified items including "the mature stalks of the plant or fiber produced from the stalks," "sterilized seeds of the plant," and hemp as defined in the Agriculture Code. *See* Tex. Health & Safety Code Ann. § 481.002(26) (A) – (F). Then, appellant asserts that the State offered no testimony that Ortega or the State's expert chemist, Dr. Andrew Armstrong, excluded those items before weighing the plant material found in appellant's pocket. Appellant then speculates that, if those items had been excluded, the plant material might have weighed less. Even without those items excluded, appellant argues the amount proven at trial, far less than the amounts addressed by the Court of Criminal Appeals in *Lejeune* and *Carmouche*, was insufficient to prove the usable amount element beyond a reasonable doubt. We disagree that the State failed to meet its burden.

In making his argument, appellant overlooks section 481.184 of the Health and Safety Code which provides that the State is not required to negate the existence of the statutory exemptions found in section 481.002(26). *See* Tex. Health & Safety Code Ann. § 481.184(a). The statute instead places the burden on the party seeking the benefit of the exemptions to introduce evidence on the existence of the exempted items. *See id.*; *Doggett v. State*, 530 S.W.2d 552, 555–56 (Tex. Crim. App. 1975) (holding that statutory exemptions "are in the nature of exceptions and that the burden of going forward with the evidence pertaining thereto rests upon the person claiming their benefit"); *Nowling v. State*, 801 S.W.2d 182, 185 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd) (same). Appellant introduced no evidence that the plant material found in appellant's pocket contained any material found on the list of statutory exemptions.

The evidence that is in the record, however, is legally sufficient to meet the State's burden to prove the marijuana found in appellant's pocket was a usable quantity. State's Exhibits 1 and 2 were photographs taken by Ortega and they were admitted without objection. Ortega testified that State's Exhibit 1 showed the marijuana he found in appellant's pocket in a container on a scale. State's Exhibit 2 is a different view of the scale and marijuana. State's Exhibit 2 shows two distinct marijuana buds. Ortega testified that this was the marijuana he found in appellant's pocket.

Dr. Armstrong testified that his laboratory weighed the plant material sent by the Brenham Police Department. Armstrong testified that, prior to forensic testing, the plant material weighed 0.04 ounce, plus or minus 0.01 ounce. His records, which were admitted into evidence as State's Exhibit 5, reported the pre-testing weight as 1.09 grams, plus or minus 0.02 grams. Armstrong then testified about the testing performed on the plant material, which consumed some of the

plant material. After the testing, the remainder weighed 0.02 ounce, plus or minus 0.01 ounce, or 0.59 gram, plus or minus .02 gram. This remainder was returned to the Brenham Police Department. Based on the testing done on the plant material, Armstrong concluded that it was marijuana and that its THC concentration was above the minimum level for the plant material to be classified as marijuana and not hemp under Texas law. This quantity of marijuana is the same or more than amounts previously found legally sufficient as a usable amount. *See e.g. Mitchell v. State*, 482 S.W.2d 223, 225 (Tex. Crim. App. 1972) (holding that .0074 grams, found in a half-full matchbox, was a usable amount of marijuana); *Parson v. State*, 432 S.W.2d 89, 91 (Tex. Crim. App. 1968) (1.41 grams, found in a prescription bottle, held to be a usable amount); *Tuttle v. State*, 410 S.W.2d 780, 782 (Tex. Crim. App. 1966) (.63 gram, sufficient for a small cigarette, determined to be usable amount); *Spector v. State*, 746 S.W.2d 946, 949–50 (Tex. App.—Austin 1988, pet. ref'd) (.19 gram held to be usable amount).

We conclude that the evidence, detailed above, was legally sufficient to support the trial court's finding that appellant possessed a usable amount of marijuana in the amount of two ounces or less. *See Perez*, 947 S.W.2d at 271 n.6 (stating that factfinder may infer existence of usable quantity of marijuana from other admitted evidence). We overrule appellant's single issue on appeal.

## CONCLUSION

Having overruled appellant's single issue on appeal, we affirm the trial court's judgment.


/s/     Jerry Zimmerer
        Justice


Panel consists of Justices Wise, Zimmerer, and Wilson.

Do Not Publish — TEX. R. APP. P. 47.2(b).